## NIMS v. JOHNSON et al.*

The fact of the appellants having objected, in the Court below, to the introduction of evidence of location of a school-land warrant, on the ground that it was not recorded in the proper office, is not sufficient to justify the Appellate Court in presuming that such was the case, when the statement on appeal contains no evidence of the fact.

The act of May 3, 1852, makes no reservation of mineral lands, and there is no prohibition against locating school-land warrants on any of the mineral lands in the State.

Where all the records of a former suit have been destroyed by fire, except the judgment-book, parol evidence of the pleadings and issues between the parties is inadmissible, unless the party offering it introduces, at the same time, a certified copy of the judgment.

APPEAL from the District Court of the Fifth Judicial District, County of Amador.

This was an action to recover possession of a tract of land in Amador county, upon which plaintiff had located school-land warrants. It was before this Court in January Term, 1856, and was remanded to the Court below. See 6 Cal., 8.

The case was tried before a jury, who found a verdict for plaintiff. Motion for a new trial was made, and overruled, and judgment entered for plaintiff. Defendants appealed.

The errors assigned, are so explicitly stated in the opinion of the Court, that no explanation of them is needed, except, perhaps, of the third. The defendants offered to prove, by parol, the pleadings and issues in the case at its first trial, all the records of the Court, except the judgment-book, having been de-

---

* This case, when before this Court, in 1856, was entitled Nims v. Palmer. See 6 Cal., p. 8.

stroyed by fire. The plaintiff objected to the introduction of such testimony, unless accompanied with a certified copy of the judgment. The objection was sustained under the exception of defendants, who could not then produce a copy of the judgment, the judgment-book being at Mokelumne Hill, where the case was first tried, before the formation of Amador county.

*Smith & Hardy* for Appellants.

The first objection taken to the introduction of the warrants offered by the plaintiff, now respondent, in support of his title, was well taken, and should have been sustained.

The lands were mineral lands, and the whole current of decisions of this Court, as well as the legislation of the State, are strongly at variance with the right of exclusive use, or occupation, of public lands containing mines of precious metals. See act of April 20, 1852, Comp. Laws, p. 896, § 1; and Stokes v. Barrett, Jan. T., 1855. And we come within this decision and provision of that act, for the reason that the provisions of the act of April 20, 1852, are extended to persons holding under this act. See Comp. Laws, p. 898, § 7.

The act under which the school-land warrants were issued, and pursuant to which the location was pretended to have been made, requires that the location be made with the clerk of the County Court, and this location was made with the county recorder. See Comp. Laws, p. 870, § 11.

The Court below should have admitted the testimony of Burnsides and Dudley, as to the former suit.

A judgment binds the parties and the privies, as to all matters upon which proof was admissible under the pleadings. Gardner v. Buckler, 3 Cowen, 120.

So in any issue which causes the title to be adjudicated, the judgment estops the parties from a further litigation of that title. Caston v. Perry, 1 Bailey, 553; Marsh v. Pier, 4 Rawle, 273; Smith v. Sherwood, 4 Conn., 276; Davis v. Murphy, 2 Richardson, 560; McKissick v. McKissick, 6 Humph., 75; Chase v. Walker, 26 Maine, (13 Shep.,) 555; Dyson v. Leek, 5 Strobh., 141.

The objection that the judgment-book was not produced, was frivolous.

Suppose that we had offered the judgment-roll, would any sane attorney contend that we must have introduced the judgment-book, which is only an annotation, or index, containing no evidence whatever?

It was the judgment-roll which was destroyed by fire, and and which we proposed to establish by parol—that is, we offered evidence of the complaint, answer, verdict of the jury, and award of judgment. This was a complete judgment-roll, and the judg-

ment-book was wholly unnecessary, and not part of the record.

The Court should have permitted the appellants to prove that the lands in controversy were mineral lands:

1. Because, as has been before argued, if the land was gold-bearing land, no location could be made by any one by means of school-land warraats.

2. If the land was mining-ground, the plaintiff had no right to exclude the defendants from entering them for mining purposes, for the restrictions of the first section of the act of the Legislature prescribing the manner of maintaining and defending possessory actions, on public lands, are extended by the seventh section of the same act to locations under the act concerning school-land warrants. Comp. Laws, p. 898, § 7.

As well might counsel contend that these warrants could have been located on, and conveyed title to lands below tide-water, which, all jurists agree, belong to the State by virtue of her sovereignty. See Hicks v. Bell et al., 3 Cal., 219.

*Robinson, Beatty, & Botts,* for Respondent.

Murray, C. J., delivered the opinion of the Court—Terry concurring.

When this cause was here before, we held that the act of May 3, 1852, commonly known as the " school-land act," did not conflict with the act of Congress of 1841, and that it was competent, in this respect, for the Legislature to determine what should constitute evidence of title between the citizens of this State.

This point is again presented, but we are indisposed to review our former opinion.

There are but three assignments of error which it will be necessary to notice. First, that the court erred in admitting evidence of location of the school-land warrants, because they were recorded by the county recorder, instead of the county clerk, as directed by law.

This would be good ground of reversal, if the fact anywhere appeared. The appellant has not prepared a statement on appeal from the final judgment, and although there is a statement on motion for new trial, which is sufficient so far as it goes, it does not contain the evidence complained of. The only reference to it, is in the objection to the introduction of the land warrants on this ground, but it is not shown in fact, either by setting out the acknowledgments, or by the agreement of parties, that they were filed with the county recorder, and we cannot presume such was the case, simply because the appellant objected to their introduction on this ground.

The second error relied on, is the refusal of the Court to per-

mit the witness to testify whether the land in question was mineral land.

The act of May 3d, 1852, makes no reservation of mineral lands, and a party is not prohibited, either by that law or any other, that we are aware of, from locating school-land warrants on any mineral lands of the state.

The third assignment of error is untenable. It was shown that the judgment-book, containing the record of the judgment in the former suit, was not destroyed. Under these circumstances, it would have been improper, even admitting it could be done, to have admitted parol evidence of the pleadings and issues between the parties, unless the appellant had also been prepared to introduce a certified copy of the judgment.

Judgment affirmed.