## No. 185.—GRAHAM & ANDERSON v. THOMPSON WILLIAMS.

A copy of a deed of trust and the assignment thereof which is kept in a public office of any State, not appertaining to a court, is admissible in evidence in the courts of this State, on being properly attested by the keeper of such records, without showing the loss of the original. Act of Congress of March 27, 1804.

By a statute of Mississippi, approved March 13, 1837, copies taken from the record of all instruments in writing may be received in evidence, and when so received they have the same effect as though the original were produced.

When a statute of another State has once been recognized as law in that State, by a decision of the courts of this State, the courts of Louisiana will thereafter take judicial cognizance of the statute, and, until it be proved that the law has been changed, will presume it still exists.

A depositary can not be permitted to introduce evidence to impeach the title of the depositor.

APPEAL from the District Court, parish of Caddo.  *Weems, J. T. T. & A. D. Land,* for plaintiffs and appellants.  *Jones & Harris,* for defendant and appellee.

LUDELING, C. J.  The plaintiffs sue the defendant, claiming that they are the legal owners of thirty-five bales of cotton left with him as depositary by Willis Holmes for Victor F. Wilson.  They allege that they acquired the title to said cotton by virtue of an assignment made in the State of Mississippi to them for the benefit of certain parties living in Great Britain.

They allege that the cotton weighed eighteen thousand seven hundred and thirty-six pounds, and was worth ten thousand five hundred dollars at the time they demanded the cotton from said Thompson Williams, and that said Williams has converted the cotton to his own use wrongfully.  They pray for judgment for the amount just stated, with interest from judicial demand.  Later the plaintiffs filed a supplemental petition, alleging that in a judicial proceeding, in which they were parties, they obtained an order of court to get possession of the cotton which had been left in the hands of the defendant by the sheriff as his keeper, and that he is liable to them for the value of the cotton, which he fails to deliver.

The defendant for answer denied all the allegations of the plaintiffs, except the genuineness of his receipt attached to the petition.  He alleged that the contract between Willis Holmes, agent, and Reaves, Williams & Johnson was executory only, and that the consideration of the agreement to sell was Confederate money, and was null and void. For further answer he alleged that the said cotton was seized in the suit of James v. Wilson, and that this respondent, in ignorance of his rights, was employed by the sheriff to remove it from defendant's plantation to Shreveport.  That he commenced removing the cotton, and *during his absence from home* with the first load of cotton the remainder, of the cotton, twenty-eight bales, was stolen or carried away from his plantation against his will and without his knowledge or fault.

The case was tried by a jury, who rendered a verdict in favor of defendant.  The judgment of the court was in conformity to the verdict, and the plaintiffs have appealed.

On the trial the defendant retained bills of exceptions to the ruling of the court, permitting the records in the suit of James *v.* Wilson to be filed in evidence. The objections urged were *irrelevancy and inadmissibility.* We think the judge correctly received the evidence. The defendant took another bill of exceptions to the ruling of the judge *a quo,* receiving in evidence the assignment executed in the State of Mississippi, on the following grounds: First, that the copy offered was unaccompanied by proof that, by the laws of Mississippi, such a copy was admissible in evidence in that State; second, that it was only a copy of a copy; third, that there was no proof of the signature of P. Anderson, one of the trustees, nor of the signature of R. McDowell; fourth, that the original was in the possession of the plaintiffs, and they had to account for its loss before they could introduce a copy; fifth, that a deed of trust is not recognized by the laws of Louisiana unless first shown that such deeds are valid in the State where it was executed.

*First*—The act of Congress, passed in conformity with the constitution declares that " the records and judicial proceedings authenticated as aforesaid, shall have *such faith and credit* given to them in every court within the United States as they have, by law or usage, in the courts of the States from whence the said records are or shall be taken. Act twenty-sixth March, 1790. By the act of Congress of twenty-seventh March, 1804, it is provided that " all *records* and exemplifications of office books which are or may be kept in any public office of any State not appertaining to a court, *shall* be *proved* or *admitted in any* court or office in any other State *by the attestation* of *the* keeper of said records or books, and the seal of his office thereto annexed, etc., and said records and exemplifications authenticated as aforesaid, *shall have* such faith and credit given to them in every court and office within the United States as they have by law and usage in the courts or offices of the States from whence the same are or shall be taken."

The assignment was recorded in the State of Mississippi, and was duly authenticated, and it was properly received in evidence. 11 R. 259; 7 An. 147, Smith *v.* McWaters.

It is a sufficient answer to the second objection to say that the act of Congress makes no such exceptions, but seems to contemplate the reception of a copy of the record. 7 An. 147.

*Third*—The presumption is that the officer who recorded the deed in Mississippi did his duty.

*Fourth*—Under the act of Congress it is not necessary to produce the original deed, or to account for its loss. 11 R. 259.

*Fifth*—This objection goes rather to the effect of the deed than to its admissibility. However, this court has often recognized the validity of such deeds. 7 Rob. 1; 8 R. 262; 4 An. 254.

The plaintiff retained a bill of exceptions to the ruling of the court admitting evidence to show what was the consideration paid for the

Graham & Anderson v. Thompson Williams.

cotton by Willis Holmes, agent, on the grounds that the receipt annexed to the petition shows that defendant held possession of the cotton as bailee of the purchaser under written contract of bailment; that consequently he can not question the title of his bailor; that the contract was an executed contract as between the sellers of the cotton and Wilson, agent for the Southern Railroad Company; that the plaintiffs acquired the cotton from said company on the faith of the cotton receipt, which declared that defendant held possession of said cotton as the bailee for the purchaser and subject to his order, and that the defendant is thereby estopped from denying or questioning the truth of the statements in the receipt. We think the evidence should not have been received. The sale between Reaves, Williams & Johnson and Willis Holmes, agent, was completed at the time the receipt was given. The parties had executed their contract for the sale of the cotton by receiving the price and delivering the cotton. At whose risk was the cotton after the execution of the receipt annexed to the petition? Unquestionably the loss would not have been the sellers', if the cotton had been destroyed. C. C. 1903, 2442, 2443. Neither can a depositary question or impeach the title of the depositor. C. C. article 2921.

The defendant does not pretend that the receipt was given in error, or that its statements are not true as against himself and those whom he represents. "A man's actions and representations will be presumed to correspond to the truth. They are in all cases evidence of the fact; and when a party has induced another to act on the faith of such representations, and when he can not show the contrary without a breach of good faith and common honesty, such representations are usually absolutely conclusive." 5 R. 523; 1 An. 11; 6 An. 274; 4 An. 293, Gales v. Christy.

The plaintiffs took a bill of exceptions to the charge of the judge to the jury. The portion of the charge objected to was "that the deed of trust offered in evidence by the plaintiffs was without effect as proof of title in the trustees, although authenticated as required by the act of Congress of twenty-seventh March, 1804, and did not dispense the plaintiffs from producing the original deed of trust in evidence, and showing that it was receivable in evidence in the State of Mississippi." We have already said this act was properly received in evidence. And such faith and credit to it should be given as it would have in the courts of Mississippi; and in Smith v. McWaters this court said: "A statute of the State of Mississippi, approved thirteenth May, 1837, provides that copies of all recorded deeds, conveyances, bonds and other instruments of writing which are now or may hereafter be permitted to be recorded shall, when certified by the clerk in whose office the record is kept, be received in any court of law or equity, in this State, and be as available without accounting for the absence of the original as if the original were then and there produced. We think the copy from the record was intended by this act." 7 An. 147.

Graham & Anderson v. Thompson Williams.

In Arayo v. Currell this court said: "When a court knows nothing of the laws of a country it presumes them to be the same as those of its own. This is the general rule; and the presumption rests on the ignorance in which it is of any other. If it has *judicial knowledge* of a law of a particular country the presumption does not exist." We are bound to take judicial cognizance of the existence of the statute quoted in the case of Smith v. McWaters, and until it be proved that the law has been changed we will presume it still exists. 1 La. 541, 255; 4 An. 129.

The charge to the jury was erroneous. We believe that the ends of justice will be subserved by remanding the case to the District Court to be tried in accordance with law.

It is therefore ordered that the judgment of the District Court be annulled; that the verdict of the jury be set aside, and that this case be remanded to the District Court to be proceeded in according to law. It is further ordered that the appellee pay the costs of appeal.