VASHTI H. PALMER *vs*. HELEN M. WALL.

Suffolk. March 11.—16, 1880. ENDICOTT & SOULE, JJ., absent.

A deed of land from A. to B. recited that the consideration had been paid to C., A. holding only the record title; and that C. agreed to release the premises from a certain mortgage. The final clause of the deed stated that C. joined to release an equitable interest in the premises. The deed was signed and sealed by C. as well as by A. *Held,* that B. could maintain an action against C. for breach of the covenant contained in the deed.

CONTRACT for breach of an agreement in a deed of land to release the land from a mortgage. Trial in the Superior Court, without a jury, before *Gardner*, J., who reported the case for the consideration of this court, in substance as follows:

By the deed, Edward S. Rand, Jr., "in consideration of $500 to Helen M. Wall paid by Vashti H. Palmer," quitclaimed unto Palmer a parcel of land in Boston, described by metes and bounds, and stated to be "subject to a proportionate part of a mortgage of $3000, from which Helen M. Wall (by whom the consideration of this deed is received, the said Rand only holding the record title) agrees to release said granted premises." The

final clause was: " In witness whereof we the said Edward S. Rand, Jr., and Helen M. Wall, who joins to release any equitable interest in said premises, have hereunto set our hands and seals," &c. The deed was signed and sealed by Rand and Wall. The defendant did not release the land from the mortgage described in the deed; and the mortgage was foreclosed.

The defendant asked the judge to rule that she was not liable under the deed. The judge so ruled; and found for the defendant.

If the ruling was wrong, the case was to stand for the assessment of damages; otherwise, judgment for the defendant.

*E. B. Callender*, for the plaintiff.

*A. Russ & W. G. A. Pattee*, for the defendant.

GRAY, C. J. The deed of conveyance to the plaintiff recites that Helen M. Wall has been paid the consideration thereof by the grantee, and is signed and sealed by her, as well as by the holder of the legal title, and states that she " agrees to release said granted premises " from a proportionate part of a mortgage for $3000. This is an express covenant by her to procure a discharge of the incumbrance. The final clause of the deed, which states that she "joins to release any equitable interest in said premises," does not state that to be her only purpose, and cannot impair the effect of the covenant previously expressed in apt and explicit terms. *Bartlett* v. *Bartlett*, 4 Allen, 440. *Perkins* v. *Richardson*, 11 Allen, 538. The plaintiff is therefore entitled to recover, and, by the terms of the report, the case is to stand in the Superior Court for *Assessment of damages.*