[L. A. No. 868.    Department One. — July 25, 1901.]

F. A. HOLZHEIER, Respondent, v. J. C. HAYES et al., Appellants.

CONTRACT—SUBSEQUENT VERBAL MODIFICATION — IMPOSSIBILITY OF PERFORMANCE. — The obligations of a written contract are not changed by a subsequent verbal agreement for its modification, which is rendered impossible of performance by the joint act of the parties.

GRANT — COVENANT AGAINST ENCUMBRANCES — GRANTOR WITHOUT TITLE. — The covenant against encumbrances implied in a grant of real estate, under section 1113 of the Civil Code, imposes a personal obligation on the grantor; if there are two grantors, such obligation is joint and several, and is binding on one of them, although he may have had no interest in the land at the time of the execution of the grant.

APPEAL from a judgment of the Superior Court of San Diego County.    J. W. Hughes, Judge.

The facts are stated in the opinion.

Eugene Daney, for Appellants.

Withington & Carter, for Respondent.

SMITH, C.— The defendants, by a grant deed of date November 17, 1890, conveyed to the plaintiff lots 11 and 12 of block 49 of Myers and McComber's addition to Oceanside, and another lot.    The suit was brought for breach of the covenant against prior encumbrances, implied in the deed, whereby lots 11 and 12 were lost to the plaintiff.    (Civ. Code, sec. 1113.) The case was submitted on an agreed statement of the facts, and judgment given for the plaintiff (now respondent) for five hundred dollars—the agreed value of the lots—with interest and costs.

It is admitted, as alleged in the complaint, that at and before the date of the deed the defendant Hicks was the owner of the lots conveyed, and had mortgaged them to the defendant Hayes, who, a few days before the deed to plaintiff, had assigned the mortgage to Klauber and Levi, and that the latter foreclosed the mortgage and became the owners of the lots in question by purchase at the foreclosure sale, and evicted the

plaintiff therefrom. The defense is based upon a written agreement between Hayes and the plaintiff, of date November 14, 1890, and a concurrent oral agreement or understanding, by which it is claimed the agreement was modified.

In the written agreement the pendency of certain actions affecting the parties is recited,—namely, an action of Holzheier (the plaintiff) *v.* Hayes, in the superior court of San Diego County; an action of Hayes *v.* Holzheier, in a justice's court; a judgment in favor of the People *v.* Holzheier, for misdemeanor; and a deficiency judgment of Holzheier against the defendant Hicks,—and, referring to these, Holzheier agrees, for the considerations named in the deed, to dismiss his suit against Hayes, and to satisfy of record his deficiency judgment against the defendant Hicks, the consideration recited being the payment of sixty dollars by Hayes, the dismissal of his suit against Holzheier, the payment of the fine and costs due from Holzheier on the judgment against him for misdemeanor, "and the conveyance to the said . . . Holzheier, free of encumbrance, by a good and sufficient grant deed, of lots 11 and 12," and another lot, etc. But, it is stipulated, when the contract was executed "Hayes informed the plaintiff that the lots in Myers and McComber's addition [were] mortgaged to Klauber and Levi, and agreed to lift the mortgage, and said to him, in case he did not lift the mortgage he would have the sixty dollars paid, and could go ahead with his case in the superior court." It was known to Holzheier, at the time, that Hayes was not the owner of the lots mentioned, but simply had held a mortgage thereon. In pursuance of the agreement, the case of Holzheier against Hayes was dismissed by stipulation of the attorneys for both parties, and on the fourteenth day of November, 1890, Holzheier executed an acknowledgment of satisfaction of the deficiency judgment against Hicks, "but did not file the same, he not being requested to do so until after the commencement of this action." Afterwards, two motions were made by Holzheier to reinstate his action against Hayes, which were resisted by the latter, and denied because made more than six months after the dismissal. Hayes also dismissed his action against Holzheier, and paid him the sum of sixty dollars, and also paid his fine and costs. The points made by the appellants are: 1. That, under the contract as modified by the oral understanding, the plaintiff

took his conveyance subject to the mortgage held by Klauber and Levi; 2. That Hayes having no title to the land, and the fact being known to the plaintiff, his case does not come within the provisions of section 1113 of the Civil Code; and 3. With regard to Hicks, that plaintiff failed to perform his covenant to satisfy the deficiency judgment against him.

1. What was said by Hayes to the plaintiff when the contract was executed cannot be regarded as a modification of the contract, but rather as a proposition for its modification, to take effect upon a future contingency. Whether the silence of the plaintiff is to be taken as equivalent to an acceptance of the proposition is an immaterial question. The contract as written was carried into effect by the parties, and the action of Holzheier against Hayes dismissed on the written stipulation of their attorneys, and the motions of the plaintiff to set aside the dismissal were successfully resisted by the defendant. If, therefore, there was a valid agreement for the modification of the contract, it was rendered impossible of performance by the joint act of the parties in dismissing the action, and must therefore be regarded as abandoned.

2. The case, both with regard to the defendant Hayes and the defendant Hicks, comes clearly within the provisions of section 1113 of the Civil Code. It makes no difference that the former defendant had no interest in the land. His obligation arises from the personal covenant implied in the deed, which is joint and several (Civ. Code, secs. 1439, 1659), and refers expressly to the land conveyed by the deed. It is therefore immaterial from which of the grantors the title in fact passed. (*Pratt* v. *Eaton*, 65 Mo. 165; *Foote* v. *Clark*, 102 Mo. 405; *Palmer* v. *Wall*, 128 Mass. 475.) The encumbrance on the land was suffered, and in fact made, by Hayes. Had he still held it at the time he executed the deed, it could not have been enforced against his agreement with the plaintiff, or against his covenant in the deed. It became, therefore, an actual encumbrance only upon and by his assignment to Klauber and Levi. Nor, were it otherwise, would his liability be affected. He would still be liable under his covenant for the encumbrance made by Hicks.

3. With regard to the defendant Hicks, the fact that the satisfaction of the plaintiff's deficiency judgment against him was not entered of record until after it has become barred by

the statute of limitations is immaterial. The defendant suffered no damage from the delay, which was probably inadvertent.

I advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        Van Dyke, J., Garoutte, J., Harrison, J.