[Civ. No. 673.  First Appellate District.—December 9, 1909.]

## GRANGERS' UNION, a Corporation, Respondent, v. R. PORTER ASHE et al., Partners, etc., Defendants.  GASTON M. ASHE, Appellant.

VENUE—MOTION FOR CHANGE—INSUFFICIENT AFFIDAVIT OF MERITS.— Upon a motion to change the place of trial of an action to the residence of the defendant, an affidavit of merits by him that he has fully and fairly stated the case to his counsel named, "and after such statement, I am advised and verily believe that I have a good defense on the merits to this action," is insufficient, in not stating that he was advised by his counsel that he had a good defense.

ID.—REVIEW UPON APPEAL—AFFIDAVIT MADE BY ATTORNEY.—The affidavit of merits based solely upon statement of the case to his attorney in the trial court cannot be sustained upon appeal, on the ground that plaintiff was himself an attorney and not required to rely upon the advice of other counsel.

ID.—ESTOPPEL TO RELY UPON JUDICIAL NOTICE.—The appellant not having intimated to the court below that he was an attorney at law, nor that as such attorney he was entitled to rely upon his own judgment, he will not now be allowed to ask this court to take judicial notice that he is such attorney for the purpose of reversing an order properly made by the trial court.

ID.—AFFIDAVIT INSUFFICIENT UNDER VERIFIED COMPLAINT—THIRD PARTNER.—Where the verified complaint alleges that besides the two defendants named in the affidavit as residents of San Francisco, John Doe, whose true name is unknown to the plaintiff, was one of the partners doing business under the firm name of the partnership; and the affidavit does not state that there were no other members of the partnership than the two named, as residents of San Francisco, nor that all of the members of the partnership resided in San Francisco at the time of the commencement of the action, it is insufficient to require the change of the place of trial to San Francisco under the complaint.

ID.—PRESUMPTIONS UPON APPEAL.—All presumptions upon appeal are in favor of the regularity of the order made by the trial court.

APPEAL from an order of the Superior Court of San Benito County, refusing to change the place of trial.  M. T. Dooling, Judge.

The facts are stated in the opinion of the court.

John T. Thornton, and Leo. C. Lennon, for Appellant.

Briggs & Hudner, for Respondent.

COOPER, P. J.—The order made by the trial court denying appellant's motion for a change of the place of trial may be justified. The motion was made by Gaston M. Ashe, who states in his affidavit of merits that he has fully and fairly stated the case to John T. Thornton, Esq., his counsel, "and after such statement I am advised and verily believe that I have a good defense on the merits to this action."

The affidavit does not show that appellant was advised by his counsel that he had a good defense, and it is therefore and for that reason defective. (*Jensen* v. *Dorr*, 9 Cal. App. 18, [98 Pac. 45].)

Nor can the affidavit be held sufficient in this court on the theory that appellant is himself an attorney at law, and therefore not under the necessity of relying upon the advice of other counsel. No such theory was intimated in the court below. The affidavit was drawn entirely upon the theory that appellant had employed counsel, and that he had stated the facts to such counsel. Not having intimated in the court below that he was an attorney at law, nor that as such attorney he made the affidavit relying upon his own judgment, he will not now be allowed to ask this court to take judicial notice of the fact that he is such attorney for the purpose of reversing an order otherwise properly made by the trial court.

It may be further said that the complaint shows that John Doe, whose true name is unknown to the plaintiff, was one of the partners doing business under the firm name of Ruinart Stock Farm. The affidavit does not state that there are no others than R. Porter Ashe and Gaston M. Ashe who are members of said partnership, nor that said John Doe is a fictitious defendant, nor that the defendants all resided in the city and county of San Francisco at the time of the commencement of the action. In fact, it appears from the verified complaint that there were other defendants members of the said copartnership at the time said action was commenced. All presumptions are in favor of the regularity of the order made by the trial court.

The order is affirmed.

Kerrigan, J., and Hall, J., concurred.