[L. A. No. 2910.   Department Two.—June 29, 1912.]

ARIZONA GARRISON et al., Appellants, v. NORTH PAS-
ADENA LAND AND WATER COMPANY (a Corpora-
tion), Respondent.

WATER COMPANY—RIGHT TO WATER MAY BE LIMITED TO STOCKHOLDERS—
WATER NOT DEDICATED TO PUBLIC USE.—A corporation organized for
the sole purpose of supplying water to its stockholders, for use by
them on a specific tract of land, is not a public service corporation.
Such a corporation may limit the right to receive water to its
stockholders, and waters distributed by it are not necessarily dedi-
cated to public use.

ID.—WATER SUPPLIED FOR ACCOMMODATION OF ANOTHER COMPANY.—The
mere accommodation by such a corporation of another water com-
pany with some of its surplus water does not constitute those sup-
plied by the latter company the customers of the former.

ID.—WAIVER OF RIGHT TO USE OF WATER SO SUPPLIED—ESTOPPEL OF
CONSUMERS.—Where prior to its delivery to the distributing com-
pany, the consumers of the waters so furnished by the accommo-
dating company joined in signing a written document in which they
acknowledged themselves to be mere licensees of the water, and
waived all right, whether existent or prospective, to its use, they
are, in the absence of fraud, estopped from asserting that the
accommodating company became obligated to continue to supply the
distributing company with water for their use.

APPEAL from a judgment of the Superior Court of Los
Angeles County.   W. R. Hervey, Judge.

The facts are stated in the opinion of the court.

Philaletha Stella Michelsen, for Appellants.

Porter & Sutton, Lee & Valentine, and Lee, Chase, Over-
ton & Valentine, for Respondent.

MELVIN, J.—This was an action for an injunction to pre-
vent respondent from cutting off a certain water supply to
which appellants asserted a right as consumers upon the ten-
der of the proper compensation therefor.   The appeal is upon
the judgment-roll alone from a judgment adverse to plaintiffs

who take the position that the findings do not support the judgment.

The court found that defendant was not a public service corporation within the meaning of the constitution and statutes of the state of California, but that at all times since its incorporation it has been a private mutual corporation organized for the purpose of supplying water to its stockholders and not to the general public; that under the articles of incorporation and rules of said defendant the water to be distributed by it was to be used upon the Painter & Ball tract in Los Angeles County containing about eighteen hundred acres and that the applicants for use of such water should hold such proportion of the stock of the company as the acreage to be supplied might bear to the whole tract. It was also found that in sales of land in said tract it was customary to value and sell the land and stock together; that none of the plaintiffs owned any of said stock; that in 1892 the Cottonwood Cañon Water Company laid pipes and began and ever since has been engaged in the business of supplying water to the residents of block A, San Pasqual Tract (in which plaintiffs and those in whose behalf they bring this suit are residents); and, "that in the year 1905, said Cottonwood Water Company induced said defendant to supply said Cottonwood Cañon Water Company with water, through a five-eighths-inch meter; that said water was supplied as a matter of temporary accommodation, and with the express understanding and agreement that said Cottonwood Cañon Water Company was not to acquire any right to the continued supply of water, but that said defendant could cut off said supply at any time." The court further found that the portion of block A, San Pasqual Tract, on which plaintiffs and those in whose behalf they brought this action are residents, formerly had appurtenant thereto a certain portion of the waters of the Arroyo Seco and was entitled to be supplied with water by the Lake Vineyard Land & Water Association, and its successor, Lake Vineyard Land & Water Company, but that the predecessors in interest of those here seeking relief had sold and conveyed said water for use on other lands; that said waters so sold and conveyed were derived from the same source from which defendant gets its water supply; that in July, 1909, a committee representing plain-

tiffs and those for whom they sue, requested the board of directors of defendant to furnish water to said residents of block A, "but that said board of directors did not vote to supply said residents . . . with water, but did instruct the superintendent of defendant to furnish more water to the Cottonwood Cañon Water Company, provided each consumer of said Cottonwood Cañon Water Company would sign an agreement in the form set out in paragraph X of plaintiffs' said complaint; that said water committee, to wit: the plaintiffs in this action, thereupon circulated copies of said instrument, set out in paragraph X of plaintiffs' said complaint and procured the same to be signed by all the residents of said portion of block A, San Pasqual Tract, to wit: by the persons named 'in paragraph X of plaintiffs' said complaint, and thereafter returned said instrument to said defendant, duly signed; that said instrument is not void and was not known by defendant to be void, and was not obtained by said defendant with intent to defraud said residents, and said residents were not induced to sign said instrument fraudulently or under any misapprehension of its full import and effect; that said defendant made no misrepresentations as to the character or *status* of defendant as a mutual water company, or otherwise, but disclosed to said plaintiffs the provisions of its articles of incorporation and by-laws at and prior to the time that said plaintiffs circulated said written instrument and obtained the signatures thereto, and that the said instrument is, and at all times since its circulation and signatures, as aforesaid, has been valid." The instrument mentioned in the last finding was in form as follows:

"Pasadena, Cal., 1909.

"TO THE SECRETARY OF THE NORTH PASADENA LAND & WATER Co.

"Dear sir:

"I, the undersigned,
residing
outside of the limits of the lands specified and prescribed in the articles of incorporation and in the by-laws of your corporation as the lands upon which only the waters of said corporation can be used and so not being legally or equitably entitled to be supplied with waters from its water systems; but nevertheless, through courtesy and under revocable license

having been in the past occasionally permitted to be so supplied with water during periods when your company had a surplus on hand; hereby respectfully request your company for my temporary accommodation that it permit me to be supplied from its system with water for domestic purpose out of any surplus which it may have from time to time, not claimed by its stockholders, and upon such terms and subject to such rules as its board of directors or officers may from time to time establish.

"In making this request and in order to induce your company to accede to the same, I acknowledge and agree with said North Pasadena Land & Water Company that I have not, by reason of any privileges heretofore extended to me by it, in the use of its waters acquired any legal or equitable right to the use of or to purchase or to be furnished with any of the waters, owned or controlled by it; and that should said company accede to my request and permit me to be furnished with its waters as above stated, I will not at any time claim to have, by reason of said permission, or use of its waters, any right whatever in or to the same, or to the use thereof, or to purchase, or to be furnished with any of said waters, and that said company has and shall continue to have full and absolute right to discontinue said privileges and to cease to furnish me with water whenever in its judgment it shall deem it for the best interest of its said stockholders so to do.
"Very respectfully,"

The court found also that in August, 1909, the defendant, relying upon the instrument which had been circulated and signed, took out the five-eighths-inch meter through which it had formerly supplied some water to the Cottonwood Cañon Water Company and replaced said meter with three one-inch meters, and thereafter until February 11, 1910, from time to time furnished water to the Cottonwood Cañon Water Company through these meters as said water was needed by that company, and this water was mingled with other waters owned by the last named company and was by said company distributed to its consumers, including plaintiffs and those represented by them; that the Cottonwood Cañon Water Company had never been the agent of defendant nor had the defendant ever entered into any arrangement with the Cottonwood

Cañon Water Company for the use of the latter's pipes; that in February, 1910, the plaintiffs, on their own behalf and that of others whom they represent, notified the Cottonwood Cañon Water Company that they would no longer purchase water from it and said company thereafter requested defendant to discontinue furnishing it with water and to disconnect defendant's distributing system from that of said Cottonwood Cañon Water Company; that almost immediately thereafter this request was complied with; that while defendant has more water than its stockholders need in the winter time, such is not the case in the summer and that no substantial quantity of water is permitted to go to waste in the summer; and that the complaining residents of block A, San Pasqual Tract, could obtain a partial supply of water from the Cottonwood Cañon Water Company and could sink a well and make up the necessary amount of water for their properties at "substantially no more expense than the defendant would have to incur in order to supply them with water from its system."

Appellants contend that the existence of the five-eighths-inch meter connecting the system of respondent with that of the Cottonwood Cañon Water Company made the North Pasadena Land & Water Company a public service corporation. Upon this theory they tendered a month's rent to that corporation, and upon the refusal of its officers to accept their offer, began the present action. They cite numerous authorities to the effect that a corporation thus doing a public business may not refuse to furnish water, if it have a sufficient supply, to those whom it has previously served. Respondent concedes this to be the law but insists that the mere accommodation of another company with some of its surplus water did not constitute those supplied by such company respondent's customers. This is the proper view of the matter. The findings bring respondent clearly within that class of corporations recognized by such cases as *Hildreth* v. *Montecito Creek Water Co.*, 139 Cal. 25, [72 Pac. 395] ; *Barton* v. *Riverside Water Co.*, 155 Cal. 518, [23 L. R. A. (N. S.) 331, 101 Pac. 790] ; *Burr* v. *Maclay Rancho Water Co.*, 160 Cal. 280, [116 Pac. 715]. Such corporations may limit the right to receive water to their stockholders and waters distributed by such corporations are not necessarily dedicated to public use. Even if we were to consider the water furnished to the Cottonwood

Cañon Water Company through the small meter sufficient to create for defendant the *status* of a public corporation, that would not improve the position of plaintiffs and the other signers of the solemn waiver of all rights, whether existent or prospective, to the use of water furnished by defendant. In the absence of fraud such a waiver was perfectly good and the court found that no fraud had been practiced. Appellants' counsel seem to think that the mere signing of such a waiver indicates that it must have been obtained by trick, device "and a subtle form of duress," but in an appeal upon the judgment-roll alone, all intendments are in favor of the regularity of the judgment. The findings of the court are conclusive as to the facts found. (*Lane* v. *Tanner*, 156 Cal. 138, [103 Pac. 846] ; *Sather Banking Co.* v. *Briggs Co.*, 138 Cal. 726, [72 Pac. 352].) The waiver was circulated according to the findings, not by the defendant, but by the committee appointed by the very persons who are seeking relief in this action. Having admitted their position as mere licensees, the signers of that document are estopped from asserting that defendant is under any obligation to continue pouring water for their use into the distributing system of the Cottonwood Cañon Water Company.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.