[Civ. No. 1003. First Appellate District.—July 8, 1912.]

## WM. WAGNER, Respondent, v. UNITED RAILROADS OF SAN FRANCISCO, a Corporation, Appellant.

NEGLIGENCE—ACTION FOR PERSONAL INJURIES—COLLISION OF WAGON WITH STREET-CAR—CONTRIBUTORY NEGLIGENCE—NONSUIT PROPERLY DENIED.—In an action to recover damages caused by the negligence of the defendant corporation in running its street-car at an excessive rate of speed, causing it to collide with a sand-wagon driven by defendant, to his serious personal injury, where the evidence for the plaintiff tended to show such negligence, and the plaintiff's evidence did not show contributory negligence, a motion of the defendant for a nonsuit was properly denied.

ID.—EVIDENCE FOR DEFENDANT—LENGTH OF RUN AND SCHEDULE TIME— EXCLUSION OF OFFER OF PROOF NOT PREJUDICIAL.—The exclusion of an offer to prove by one witness the length of the run of the street-

car which collided with plaintiff's wagon and the schedule time, and that the car was on time, was not prejudicial, where the witness had already testified directly to the same effect, as also did other witnesses. No such substantial injury resulted to the defendant from the court's action as to warrant the granting of a new trial.

ID.—PROOF OF MUNICIPAL ORDINANCE FORBIDDING RATE OF SPEED USED—PRESUMPTIONS—BURDEN OF PROOF.—The court properly admitted in evidence a municipal ordinance, approved prior to the collision, which limited the speed of street-cars in that portion of the city, including the place of the collision, to ten miles per hour, which was about one-third of the actual speed there used. It is held that if the ordinance was not properly authenticated, it was incumbent on the defendant appealing to show it by the record, and to show error in its admission affirmatively; that the presumptions are in favor of the action of the court, and that it is regular and correct; and the presumption also is that the prior ordinance is still in force, until the contrary is shown.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. Geo. A. Sturtevant, Judge.

The facts are stated in the opinion of the court.

A. A. Moore, and Stanley Moore, for Appellant.

Frank H. Gould, for Respondent.

KERRIGAN, J.—This is an appeal by defendant from a judgment and from an order denying its motion for a new trial. The action was brought to recover damages for personal injuries sustained by the plaintiff as the result of a collision between one of defendant's cars and a sand-wagon driven by plaintiff.

The defendant operates a street railway on Ellis street, in San Francisco; and on the twenty-sixth day of January, 1907, at about 3 o'clock in the morning, as the plaintiff was driving a loaded sand-wagon along Mason street in a southerly direction across Ellis street, the wagon was struck just back of the front wheels by a car operated by an employee of the defendant, which car was on the southerly track and proceeding in an easterly direction.

The theory of plaintiff's case was that the defendant ran its car at an excessive rate of speed, to wit, at the rate of twenty-

five miles an hour, and in so careless and negligent a manner as to strike with great violence the wagon driven by plaintiff, thereby throwing him from the seat of the wagon and injuring him in the manner described in the complaint.

Defendant claims that the judgment and order should be reversed on three grounds.

1. Defendant's first claim is that the evidence shows that the plaintiff was guilty of contributory negligence, and that therefore the court should have granted its motion for nonsuit.

Plaintiff's evidence did not show that he drove upon the car tracks of the defendant without looking for approaching cars. On the contrary, he himself testified that he looked for and saw the car coming which subsequently collided with his wagon; that when he first saw it, it was a block away, and, believing that he had ample time to cross in safety, attempted to do so, but a moment later he perceived that the car was advancing at a speed of thirty or thirty-five miles an hour; that he then whipped up his horses in an endeavor as best he could to escape a collision, but without success. Under the circumstances, the reasonableness of plaintiff's belief that he had time to cross the track in safety was a question to be considered by the jury, and since there was evidence to sustain the material allegations of plaintiff's complaint, the motion for nonsuit was therefore properly denied.

2. It is next claimed by the defendant that the judgment and order should be reversed, for the alleged error of the court in excluding testimony of the length of the run of the car, the mileage and the schedule time allowed to make that run, as evidence showing the speed of the car.

The defendant offered to prove by one of its witnesses that the mileage of the Ellis street run was nine and one-third miles; that the schedule time for making this distance was one hour, and that on this occasion the car was within two blocks of the terminus of the run, and was on time. This offer was rejected. The avowed purpose of the proffered evidence was to afford an inference that the car at and just prior to the accident was not being operated at an illegal and unreasonable rate of speed; but as the witness on the stand at the time this offer was made had himself just testified directly to the same effect—as also did others—we do not think that

it can be claimed that the court's action in rejecting this testimony caused the defendant any such substantial injury as to warrant the granting of a new trial.

3. The third ground urged for the reversal of the judgment is that the court erred in admitting in evidence an ordinance of the city and county of San Francisco regulating the operation of street railway cars, without proof of its authenticity, and without proof that it was in force at the time of the accident. In that connection the record shows the following to have occurred:

"Mr. Gould.—I offer in evidence the ordinance of the city and county of San Francisco numbered 1674, approved November 29, 1905, entitled 'An ordinance regulating the operation of street railway cars, limiting their speed, and providing for the character of their brakes, and fixing penalties for the violation thereof.'

"Mr. Moore.—That is objected to as being incomplete and unintelligible, as not being within the pleadings or the amendment, and as no proper foundation has been laid for the same, and it is incompetent, irrelevant and immaterial."

By said ordinance it was declared unlawful for any person or corporation to operate street railway cars at a greater speed than ten miles per hour within a portion of the city and county of San Francisco, including the scene of the accident.

If the ordinance was not properly authenticated, and the defendant cared to take advantage of such omission, it was incumbent on it to make the record disclose that circumstance. The presumption is in favor of the action of the court; and where, as here, "the record does not show upon what it is based, and all the circumstances in regard to it, it will be presumed to have been regular and correct." (2 Hayne on New Trial and Appeal, rev. ed., 285.) The burden is upon appellant to affirmatively show the existence of error. (*Niles* v. *Gonzales,* 155 Cal. 359, [100 Pac. 1080]; *Escondido H. S. Dist. etc.* v. *Escondido etc.,* 130 Cal. 128, [62 Pac. 401]; *O'Callaghan* v. *Bode,* 84 Cal. 489, 497, [24 Pac. 269]; *Clark* v. *Sawyer,* 48 Cal. 133; *Nims* v. *Johnson,* 7 Cal. 110; 3 Cyc. 300, 301; *Blethen* v. *Bonner* (Tex. Civ. App.), 52 S. W. 571; *Thorn* v. *Kemp,* 98 Ala. 417, [13 South. 749].) The plaintiff proved that the ordinance was passed in the year 1905, and the presumption is that it is in force until the contrary is

shown. (*St. Louis etc. Ry. Co.* v. *Eggman,* 161 Ill. 155, [43 N. E. 620] ; *People* v. *Addison,* 10 Cal. 1; *White* v. *White,* 82 Cal. 438, [7 L. R. A. 799, 23 Pac. 276] ; *Bush* v. *Garner,* 73 Ala. 162; *Graham* v. *Williams,* 21 La. Ann. 594.)

The judgment and order are affirmed.

Lennon, P. J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 6, 1912.