[Sac. No. 3454. In Bank.—September 18, 1924.]

# CHARLES F. PLATNER, Respondent, v. LILLIAN VINCENT, Appellant.

[1] DEEDS—HUSBAND AND WIFE—COMMUNITY PROPERTY—NATURE OF WIFE'S INTEREST — LAW OF STATE OF WASHINGTON. — Under the law of the state of Washington the wife owns a vested interest in the real property of the community equal to that of the husband; her right is not merely an equitable right, but a legal right, and her interest cannot be divested except by joining in a conveyance or a transfer.

[2] ID. — BREACH OF COVENANTS — SUIT FOR DAMAGES — LIABILITY OF WIFE AS GRANTOR—COMMUNITY PROPERTY—LAW OF SISTER STATE —JUDGMENT—PRESUMPTION.—Where, on an appeal on the judgment-roll alone from a judgment awarding plaintiff damages for the breach of covenants of title and quiet enjoyment contained in a deed executed by the defendant and her husband, as grantors, to the plaintiff, as grantee, to community real property situated in a sister state, it appears that the defendant pleaded by way of avoidance a statute of said sister state, requiring a wife to join in a deed of community real property, for the purpose of showing that she joined in the deed in question in order to comply with the statute and to convey whatever community interest she might have and not otherwise, it must be presumed, in support of the judgment, that proof was made at the trial by plaintiff of the construction placed upon that statute by the courts of that state which would support rather than defeat the judgment.

[3] ID. — JUDGMENTS — PRESUMPTIONS. — All intendments in support of the judgment must be indulged and all proceedings necessary to its validity will be presumed to have been regularly taken, and any matters which might have been presented to the court below, which would have authorized the judgment, will be presumed to have been thus presented.

[4] ID.—APPEAL—ERROR.—The burden is upon the appellant to show that error exists.

[5] ID.—PLEADING—NEW MATTER IN ANSWER OR COUNTERCLAIM—DENIAL BY OPERATION OF LAW.—Under our system of pleading a replication to the answer has no place, but is supplied by operation of law through section 462 of the Code of Civil Procedure; and any new matter in avoidance or constituting a defense or counterclaim must at the trial be deemed controverted.

3. See 14 *Cal. Jur.* 858; 15 R. C. L. 875.
4. See 2 Cal. Jur. 1009; 2 R. C. L. 219.

[6] ID.—FOREIGN LAW—PLEADING—EVIDENCE.—In cases where the existence of a foreign law is an ingredient of the cause of action a formal allegation and proof of such foreign law is necessary.

[7] ID.—LIABILITY OF WIFE AS GRANTOR—CONSIDERATION.—In this action for damages for the breach of covenants of title and quiet enjoyment contained in a deed executed by the defendant and her husband, as grantors, to the plaintiff, as grantee, to community real property situated in a sister state, not only was there a detriment suffered by the covenantee, caused by the breach of the covenants, but defendant also received an interest and benefit through her husband, who had the management and control of the property of the community in and to the property that was acquired by the community in the transaction.

[8] ID. — PARTIES. — The bargain and sale deed in question having shown upon its face that it was joint and several, the wife, being a joint and several obligor, could be sued alone.

[9] ID. — QUITCLAIM DEED — EFFECT OF. — The defendant in such action could have protected herself from liability as a co-grantor by executing a quitclaim deed, as such a deed does not carry covenants of warranty.

[10] ID.—LIABILITY OF WIFE—ALLEGED FINDING—ERRONEOUS CONCLUSION OF LAW.—In such action, the deed in question being joint and several and the effect to be given it being determinable by the law of the sister state in which the real property is situated, which law is that the wife owns a vested interest in the community real property and that her interest cannot be divested except by joining in a conveyance, an alleged finding of fact that the defendant did not join with her husband in the execution of said deed as a joint grantor but joined in its execution at the request of her husband solely as his lawful wife as required by the law of said sister state and for the purpose of conveying to plaintiff any community interest or right she might have had therein and not otherwise, and that she received no consideration whatever from plaintiff for her community interest, is but an erroneous conclusion of law.

[11] ID. — JUDGMENTS — PRESUMPTIONS — ERRONEOUS CONCLUSION OF LAW.—All intendments and presumptions being in favor of the judgment it cannot be set aside because of an erroneous conclusion which is mere surplusage.

(1) 31 C. J., pp. 80, 139, secs. 1172, 1214. (2) 4 C. J., p. 773, sec. 2719. (3) 4 C. J., p. 731, sec. 2662. (4) 4 C. J., p. 733, sec. 2662. (5) 31 Cyc., p. 242. (6) 36 Cyc., pp. 1240, 1252. (7) 15 C. J., p. 1210, sec. 2 (1926 Anno.). (8) 15 C. J., p. 1301, sec. 189. (9) 15 C. J., p. 1212, sec. 6. (10) 38 Cyc., p. 1979. (11) 4 C. J., p. 1059, sec. 3043.

6. Proof of foreign law, notes, 7 Ann. Cas. 74; Ann. Cas. 1913D, 256. See, also, 10 Cal. Jur. 704; 15 R. C. L. 1071.

9. See 9 Cal. Jur. 268; 8 R. C. L. 1024, 1066.

APPEAL from a judgment of the Superior Court of Tehama County. John F. Ellison, Judge. Affirmed.

The facts are stated in the opinion of the court.

L. W. Hughes for Appellant.

James T. Matlock and H. D. Jerrett for Respondent.

SEAWELL, J.—This appeal is from a judgment awarding damages for the breach of the covenants of title and quiet enjoyment contained in a deed of real property executed by the defendant and her husband, as grantors, to the plaintiff, as grantee. The appeal is taken on the judgment-roll alone.

The amended complaint was before us for review upon an appeal from the judgment entered after demurrer sustained without leave to amend. (*Platner* v. *Vincent*, 187 Cal. 443 [202 Pac. 655].)

On June 5, 1916, plaintiff and C. H. Vincent, husband of defendant-appellant, Lillian Vincent, agreed to an exchange of properties which each was the respective owner or represented himself to be the owner. Plaintiff was the actual owner of a lease of a lodging-house, known as the Nevada Hotel, situate in the city and county of San Francisco, this state, together with all the furniture therein contained. Said lease and furniture were found by the court to be of the value of fifteen hundred dollars. C. H. Vincent was in fact the owner of an equity in certain lands situate in Tehama County, California, found by the court to be of the value of seven hundred dollars. He represented that he was the owner also of certain lands situate in the county of Chelan, state of Washington, which lands, as part of said agreement, he conveyed to plaintiff by the deed to be hereafter considered. The court found that at the time of the execution and delivery of the deed to the Washington property the said C. H. Vincent and Lillian Vincent, the defendant herein, were not, nor were they, or either of them, the true, lawful, or rightful owner or owners, nor were they, or either of them, seised in their own right of a good and indefeasible estate of inheritance in fee simple, nor had they lawful authority to grant, bargain, or sell the same.

It further found that plaintiff had not been permitted at any time to peaceably occupy or enjoy said premises under the said deed, or to have or receive the rents, issues, and profits thereof. The court, in applying section 3304 of the Civil Code as the *lex fori,* gave judgment in the sum of eight hundred dollars, this sum being the difference between the value of the property delivered by plaintiff to said C. H. Vincent and the detriment caused by the breach of covenant of seisin and warranty as to the Washington property. (*Fenton* v. *Edwards,* 126 Cal. 43 [77 Am. St. Rep. 141, 46 L. R. A. 832, 58 Pac. 320]; *Klaffki* v. *Kaufman,* 52 Cal. App. 48 [198 Pac. 36].) The effect of the deed to the Washington property is one of the important questions in the case. It reads as follows:

"This indenture, made this 5th day of June in the year of Our Lord One Thousand Nine Hundred and Sixteen between C. H. Vincent and Lillian Vincent of Corning, Tehama County, California, the parties of the first part, and Chas. Platner, the party of the second part,

"Witnesseth, that the said parties of the first part, for and in consideration of the sum of ten ($10) dollars, in the Gold Coin of the United States of America, to them in hand paid by the party of the second part at or before the ensealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold and conveyed, and by these presents do grant, bargain, sell and convey unto the said party of the second part, and to his heirs and assigns forever, all the certain lot, piece or parcel of land, situate, lying and being in the County of Chelan, State of Washington, and bounded and particularly described as follows, to-wit: (A description of the real property and water right and ditch appurtenant thereto follows.)

"Together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof. And also all the estate, right, title, interest, possession, claim and demand whatsoever as well in law as in equity of the said parties of the first part, of, in or to the above described premises, and every part and parcel thereof, with the appurtenances.

"To have and to hold, all and singular the above mentioned and described premises, together with the appurtenances unto the said party of the second part, his heirs and assigns forever.

"In witness whereof, the said parties of the first part have hereunto set their hands and seal the day and year first above written.

"(Seal)   C. H. VINCENT.<br>"(Seal)   LILLIAN VINCENT."

Said C. H. Vincent died on February 7, 1917, and his estate was closed February 25, 1918. No claim is made that he owned any separate property. His wife, appellant, was executrix of his said estate.

Section 8748 of Remington's Washington Code, 1915, Laws of the State of Washington, which was pleaded by plaintiff, reads as follows:

"Bargain and sale deeds for the conveyance of land may be substantially in the following form: 'The grantor (here insert name or names and place of residence), for and in consideration of (here insert consideration) in hand paid, bargain, sell and convey to (here insert the grantee's name or names) the following described real estate (here insert description) situate in the County of (      ), State of Washington. Dated this .... day of ...., 18.....' Every deed in substance in the above form shall convey to the grantee, his heirs or other legal representatives, an estate of inheritance in fee simple, and shall be adjudged an express covenant to the grantee, his heirs or other legal representatives, to-wit, that any grantor was seized of any [an] indefeasible estate in fee simple, free from incumbrance, done or suffered by the grantor, except the rents and services that may be reserved, as also for quiet enjoyment against the grantor, his heirs and assigns, unless limited by express words contained in such deed; and the grantee, his heirs, executors, administrators, and assigns, may, in any action, recover for breaches, as if such covenants were expressly inserted."

The answer admits, and the court found in almost the identical language of the admission, that she (defendant) "joined with her husband, C. H. Vincent in the execution of the bargain and sale deed set forth in said amended complaint, but alleges that she joined in the execution of

said deed solely as the wife of the said C. H. Vincent, and for the purpose of conveying to the grantee named therein, any community interest which she might have in the premises therein mentioned and described, and not otherwise.''

Defendant denied that she had ever received anything of value or otherwise as a consideration for having joined in the execution of said deed; denied that her husband received any consideration greater than the consideration named in said deed. She particularly pleads section 4491 of Ballinger's Code and Statutes, Laws of the State of Washington, which is in the following words:

''The husband has the management and control of the Community real property, but he shall not sell, convey or encumber the community real estate unless his wife join with him in executing the deed, or other instrument of conveyance but should the real estate be sold, conveyed or encumbered, such deed or other instrument of conveyance must be acknowledged by him and his wife.''

She alleges that it was in compliance with the foregoing section that she became a joint grantor with her husband, at his request and solely as his wife, for the purpose of conveying to the plaintiff any community interest or right she might have therein and not otherwise.

Other allegations, admissions, and denials are to be found in the pleadings, but they are not material in view of the findings made by the court upon evidence which is not brought to our attention by the record.

Appellant pleaded said section 4491, statutes of Washington, but failed to plead the construction placed upon said section by the courts of that state which, of course, must be accepted as the law on the subject. [1] Under the law of that state the wife owns a vested interest in the real property of the community equal to that of the husband. Her right is not merely an equitable right, but a legal right, and her interest cannot be divested except by joining in a conveyance or a transfer. As was said in *Mabie* v. *Whittaker* (1895), 10 Wash. 656 [39 Pac. 172], ''a deed of land under the conditions specified in the statute [substantially a counterpart of section 4491, Ballinger's Code and Statutes] vested the ownership in the community, no matter which spouse was named as grantee in the deed; and the title of one spouse therein was a legal title, as well as that

of the other.'' In this connection see, also, *Holyoke* v. *Jackson,* 3 Wash. Ter. 235 [3 Pac. 841]; *Hill* v. *Young,* 7 Wash. 33 [34 Pac. 144], and *Adams* v. *Black,* 6 Wash. 528 [33 Pac. 1074], *Marston* v. *Rue,* 92 Wash. 129 [159 Pac. 111], and McKay on Community Property, sec. 291.

Plaintiff having failed in the first instance to plead the law of the state of Washington governing community real property, as declared by the courts of that state, it is the contention of appellant that the law of California, as it stood in 1916 and prior thereto, must rule the subject and that the interest of the wife in the community real property must be held to be a mere expectancy—a contingent estate. (Citing *Spreckels* v. *Spreckels,* 172 Cal. 775 [158 Pac. 537].) **[2]** But the weakness of this contention exists in the fact that the appeal comes to us on the judgment-roll alone and the defendant having pleaded by way of avoidance in her separate answer said section 4491, Washington statutes, it must be presumed, in support of the judgment, that proof was made at the trial by plaintiff of the construction placed upon that section by the courts of that state which would support, rather than defeat the judgment. **[3]** All intendments in support of the judgment must be indulged and all proceedings necessary to its validity will be presumed to have been regularly taken, and any matters which might have been presented to the court below, which would have authorized the judgment, will be presumed to have been thus presented. (*Continental Bldg.* v. *Wolf,* 12 Cal. App. 725 [108 Pac. 729]; *Grangers' Union* v. *Ashe,* 12 Cal. App. 143 [106 Pac. 889]; *Garrison* v. *North Pasadena L. & W. Co.,* 163 Cal. 235 [124 Pac. 1009]; *Rolland* v. *Porterfield,* 183 Cal. 466 [191 Pac. 913]; *O'Connell* v. *Behan,* 19 Cal. App. 111 [124 Pac. 1038]; *Wagner* v. *United Railroads,* 19 Cal. App. 396 [126 Pac. 186].) **[4]** And moreover the burden is upon the appellant to show that error exists. (Hayne on New Trial and Appeal, Rev. Ed., sec. 285, p. 1576, and cases cited.)

The amended complaint stated a cause of action. (*Platner* v. *Vincent,* 187 Cal. 443 [202 Pac. 655].) Plaintiff could not know when he filed his complaint that defendant would answer nor that if she did, she would set up as a defense new matter in avoidance such as the Washington statute. **[5]** ''Under our system of pleading a replication

to the answer has no place, but is supplied by operation of law through section 462 of the Code of Civil Procedure; and that any new matter in avoidance or constituting a defense or counterclaim must at the trial be deemed controverted." (*Moore* v. *Copp,* 119 Cal. 429 [51 Pac. 630]. See, also, *Peck* v. *Noee,* 154 Cal. 351 [97 Pac. 865]; *Jose Realty Co.* v. *Pavlicevich,* 164 Cal. 613 [130 Pac. 15]; *Wendling etc. Co.* v. *Glenwood etc. Co.,* 153 Cal. 411 [95 Pac. 1029]; *White* v. *Stevenson,* 144 Cal. 104 [77 Pac. 828]; *Curtiss* v. *Sprague,* 49 Cal. 301.) The statute having been pleaded, and, no doubt, proved, it must be presumed in support of the judgment that plaintiff met this defense by proof of the Washington law. [6] In cases where the existence of a foreign law is an ingredient of the cause of action a formal allegation and proof of such foreign law is necessary. But such is not the case before us.

[7] As an answer to the argument of appellant to the effect that defendant received no consideration for joining in the deed as a covenantor and that there exists no legal reason whatsoever for holding her liable thereon, it may be said that not only was there a detriment suffered by the covenantee, caused by the breach of the covenant, but appellant also received an interest and benefit through her husband, who had the management and control of the property of the community in and to the property that was acquired by the community in the transaction. (Secs. 1605 and 3304, Civ. Code.)

[8] The bargain and sale deed shows upon its face that it is joint and several. The wife, being a joint and several obligor, could be sued alone. (*Platner* v. *Vincent, supra; Holzheir* v. *Hayes,* 133 Cal. 456 [65 Pac. 968].) The case last cited goes to the extent of holding that section 1113 of the Civil Code imposed a personal obligation on the grantor and is binding on one of them although he may have had no interest in the land at the time of the execution of the grant. Here it is the implied admission of appellant that the wife had at least an expectancy or a contingent interest.

It is the further claim of appellant that the judgment cannot be sustained for the reason that "the conclusions of law and the judgment entered accordingly are not supported by the findings of fact." This contention rests upon the

fact that the court included in its findings of fact paragraph III of the defendant's separate answer which, in substance, alleged that the defendant did not join with her husband in the execution of said deed as a joint grantor but joined in its execution at the request of her husband solely as his lawful wife as required by the law of the state of Washington and for the purpose of conveying to plaintiff any community interest or right she might have had therein and not otherwise; that she received no consideration whatever from plaintiff for her community interest. [9] Appellant could have protected herself from liability as a cograntor by executing a quitclaim deed. Such deeds do not carry covenants of warranty. (*Allison* v. *Thomas,* 72 Cal. 562 [1 Am. St. Rep. 89, 14 Pac. 309]; *Gee* v. *Moore,* 14 Cal. 472; *Southern Pac. Co.* v. *Dore,* 34 Cal. App. 521 [168 Pac. 147].) Her act in joining in the deed of warranty was entirely voluntary. No claim of mistake or fraud, deceit, or imposition of any kind is pleaded or claimed in her behalf. [10] The deed being joint and several and the effect to be given it being determinable by the law of the state of Washington in which the real property is situated (see *Platner* v. *Vincent,* 187 Cal. 443 [202 Pac. 655]; *McGoon* v. *Scales,* 9 Wall. (76 U. S.) 23, 27 [19 L. Ed. 545, see, also, Rose's U. S. Notes]) leaves no doubt but that said alleged finding of fact is but an erroneous conclusion of law. This much appears from a consideration of the clear and incontrovertible provisions of the deed and the conclusion which necessarily follows an application of the laws of the state of Washington to the question which we have heretofore considered. [11] All intendments and presumptions being in favor of the judgment it cannot be set aside because of an erroneous conclusion of law which is mere surplusage.

Judgment affirmed.

Myers, C. J., Shenk, J., Lawlor, J., Lennon, J., Richards, J., and Waste, J., concurred.