[Crim. No. 1078.   Third Appellate District.—June 8, 1929.]

·THE PEOPLE, Respondent, v. TONY SILVA et al., Appellants.

Frank G. Warren for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information contains two counts. In the first the defendants are charged with the offense of having "in their possession and control a still, stillworm, still cap and still condenser designed, used and intended for use in the manufacture and production of intoxicating liquor for beverage purposes." In the second it is charged that, on the same day, they did "operate and cause to be operated, a stilling device designed, used and intended for use in the manufacture and production of intoxicating liquor for beverage purposes.

The jury found the defendants guilty on the second count and not guilty on the first. The defendants separately moved for new trials, which were denied, and judgments of conviction followed. They have appealed from the judgments and the orders denying new trials. The appellants requested a transcript of the "reporter's notes of the . . .

examination of the jury panel during the time of securing the jury,'' but made no request for a transcript of the reporter's notes of the evidence taken at the trial, and no part of such evidence is contained in the record.

Appellants contend that the ''verdicts are incompatible, incongruous, inconsistent and opposed to each other, and the verdict of guilty of the second count cannot stand in law in the face of the acquittal of the charges encompassed in the first count.'' There are several answers to the appellants' contention, only two of which need be mentioned. Since the evidence has not been brought up, ''any matters which might have been presented to the court below, which would have authorized the judgment, will be presumed to have been thus presented.'' (*Platner* v. *Vincent*, 194 Cal. 436, 442 [229 Pac. 24, 26].)

Section 971 of the Penal Code provides: ''All persons concerned in the commission of a felony, whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, shall hereafter be prosecuted, tried and punished as principals, and no other facts need be alleged in any indictment or information against such an accessory than are required in an indictment or information against his principal.'' If it be assumed that both counts relate to the same still, the defendants may not have had possession of the still and may not have been near the place where it was operated, and yet they may have been concerned in its operation and may have aided and abetted in the operation thereof. But, if necessary to support the verdicts and the judgments, it must be presumed, in the absence of the evidence, that the first count relates to the possession of a still in one place and that, in support of the second count, the proof shows that the defendants operated another still in a different place.

The judgments and the orders are affirmed.

Plummer, J., and Thompson (R. L.), J., concurred.