FLORA MYERS v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

October 27, 1897.

Nos. 10,524—(11).

**Action of Tort—Venue.**

It is a general rule of law that for the purpose of redress it is immaterial where a tort was committed, and, where the wrong is personal, the action is transitory and may be brought in the jurisdiction where the wrongdoer may be found.

**Death by Wrongful Act—Accident in Another State—Foreign Statute.**

Where the wrong complained of is one for which the right of action is purely statutory, no presumption arises that such statute is in force outside the state which enacted it.

**Same—Judicial Notice of Statute of Another State.**

The respective states of the Union are foreign to each other, so far as taking judicial notice of what the statutory laws of those states are.

**Same—Pleading—Foreign Statute.**

Foreign statutory laws are usually regarded as matters of fact, and, because they are so regarded, they must be pleaded as well as proved, if they constitute the foundation of the claim or defense.

**Same—Former Decisions Criticised.**

The cases of Cooper v. Reaney, 4 Minn. 413 (528), and Brimhall v. Van Campen, 8 Minn. 1 (13), examined, distinguished, and criticised.

**Ruling on Demurrer—Statement by Judge of Question Submitted.**

The statement in the memorandum of the trial judge as to what questions were argued and submitted and decided by him cannot control or affect the positive language of his order or decision.

[1] Reported in 72 N. W. 694.

Appeal by defendant from an order of the district court for Ramsey county, Brill and Bunn, JJ., from an order overruling its demurrer to the complaint, on the ground that it failed to state a cause of action. Reversed.

L. K. Luse and Thos. Wilson, for appellant.

C. D. & Thos. D. O'Brien, for respondent.

BUCK, J.

Flora Myers, as administratrix of the estate of Edward Myers, deceased, brought this suit against the defendant, a railway corporation, to recover damages for its wrongful acts, which she alleges caused the death of her husband, Edward Myers, on February 14, 1896, in the state of Wisconsin. The plaintiff and her husband were at the time of his death residents of Ramsey county, in the state of Minnesota, and this action was commenced in the district court of said county, she having been duly appointed by the probate court administratrix of the estate of said Edward Myers. The deceased had no children at the time of his decease, and the plaintiff alleges that she and the estate of Edward Myers were damaged by the said wrongful acts of the defendant in the sum of $5,000. The defendant was and is a railroad corporation, duly created and organized under and by virtue of the laws of the state of Minnesota, transporting passengers and freight for hire from and into the state of Wisconsin, and said line of railway, for such purpose, extends from Elroy, in said state, to the city of St. Paul, in the state of Minnesota. At and prior to his death, Edward Myers was in the employ of defendant as a brakeman, and, while so employed, he was killed by reason of the wrongful acts of the defendant. To the allegations of the complaint the defendant interposes a demurrer, upon the grounds that it appears upon the face of said complaint that it does not state facts sufficient to constitute a cause of action. The trial court overruled the demurrer, and the defendant appeals.

It is a general rule that for the purpose of redress it is immaterial where the tort was committed, and that, the wrong being personal, the action is transitory and may be brought in the jurisdiction where the wrongdoer may be found. Tiffany, Death Wrongf. Act,

§ 195; Herrick v. Minneapolis, 31 Minn. 11, 16 N. W. 413; Dennick v. Railroad, 103 U. S. 11. Thus an action will lie in the courts of this state for a wrongful act or omission occurring out of this state, and within the bounds of another state, by which death is caused, if the statute of the latter state gives a cause of action for such wrong.

It is not necessary to determine in this action whether it is essential to the maintenance of such an action in this state that a similar statute must exist here as the one in the state creating the liability, because there is and can be no question raised as to the existence of a statute [2] here authorizing the maintenance of an action for wrongs of the character alleged in the complaint; and, such causes of action being authorized by express statutory enactments, it cannot be claimed that the enforcement of such a cause of action, arising in another state, before the tribunals of this state is against public policy, where the court can obtain jurisdiction of the parties. In the case of Texas v. Cox, 145 U. S. 593, 12 Sup. Ct. 905, it was held that a right given by the statute of one state, such as a right to sue and recover for the death of a person caused by negligence, will be recognized and enforced in the courts of another state whose laws give a like right under the same state of facts; "and while the courts of no country execute the penal laws of another, this rule cannot be invoked as applicable to a statute which merely authorizes a civil action to recover damages for a civil injury." The Antelope, 10 Wheat. 66, 123, cited with approval in Texas v. Cox, supra.

The next question raised is that the plaintiff failed to plead the Wisconsin statute, and thereby allege or show that the alleged wrongful acts of the defendant created a cause of action. We are of the opinion that this objection is well taken. If the wrong complained of was one for which an action might be maintained at common law, it might be presumed that it was in force where the wrongful act was committed; and, if the common law was also in force in the state of the forum, no pleading or proof of the existence of the common law in the foreign state would be required or

2 G. S. 1894, § 5913.

necessary. "But where the wrong is one for which the right of action is purely statutory, no presumption arises that such statute is in force outside the state which enacted it." Tiffany, Death Wrongf. Act, § 195; 1 Rice, Ev. § 41e. And if the action is based upon the foreign law, it cannot be maintained if that law is not alleged and proved. Hoyt v. McNeil, 13 Minn. 362 (390); Tiffany, Death Wrongf. Act, § 195. In the case of Hoyt v. McNeil it is said that—

"It is well settled that the courts of one state do not take judicial notice of the statutes of another state, and that, where a party relies upon the law of a foreign state, such law must be pleaded, and, so far as it is relied on, its terms must be set forth, that the court may determine whether the effect claimed for the law is legitimate." Smith, St. & Const. Con. § 831, and authorities cited; Pearsall v. Dwight, 2 Mass. 84; Legg v. Legg, 8 Mass. 99; Ruggles v. Keeler, 3 Johns. 263.

The same doctrine was applied in Ellis v. Maxson, 19 Mich. 186, where it is said:

"We certainly cannot presume that the legislature of another state had adopted all of our statutes, and therefore we must have proof before we can know that they have passed any statute."

In Robards v. Marley, 80 Ind. 186, it was held that the statute law of a sister state is a fact that must be proved like any other fact, and, in the absence of such proof, this court presumes that the common law is in force in such state.

It is the prevailing doctrine of the state courts that the respective states of the Union are foreign to each other, so far as taking judicial notice of what the statutory laws of those states are is concerned. Such laws are usually regarded as matters of fact, and, because they are so regarded, they are required to be pleaded as well as proved, if they constitute the foundation of the claim or defense. See authorities cited in note to the case of State v. Twitty, 11 Am. Dec. 779.

Now while, in the absence of rebutting evidence, the foreign law will be presumed to be the common law, yet it is a reasonable rule, that a party who must necessarily ignore the common law as the basis of his right of action and rely upon a statutory provision,

should plead and prove the foreign law under which he seeks to maintain his cause of action, as courts refuse to take judicial notice of them. The common law is so universal in most of the states of the Union that courts can readily, and, generally correctly, take judicial notice thereof; but it would be nigh impracticable to take judicial notice of all statutory foreign laws. Hence the rule seems to be quite inexorable that all statutory foreign laws must be pleaded and proven. This practice is not a great hardship or burden for the plaintiff, who seeks to recover damages on account of death by the defendant's wrongful act; for the allegation is easily made, and the proof ordinarily obtained with but little trouble and expense. At common law no action for damages could be maintained for injuries of this kind resulting in death. The liability is purely one of statutory origin, and, where death occurs outside the state of the forum from such cause, the plaintiff must allege and prove the law upon which it is based.

We are not called upon at this time to consider what are the limitations or what the exceptions, if any, to the general rule that the statutory law of the forum will not be presumed to exist in another state, for the present case clearly comes within the rule.

We are referred to Cooper v. Reaney, 4 Minn. 413 (528), and Brimhall v. Van Campen, 8 Minn. 1 (13), as deciding that the statute law, as well as the common law, of a sister state, will be presumed to be the same as our own.

In the first of these cases, the action was to recover the purchase price, which was long past due, of goods sold and delivered in the state of Pennsylvania. The action was on a good common-law contract, and the only question before the court was what rate of interest should be allowed as damages for its breach; and the court held that, in the absence of proof as to whether, under the laws of Pennsylvania, such contracts would draw interest, and, if so, at what rate, interest would be allowed as damages in accordance with the laws of this state. It will be observed that in such cases interest is not allowed strictly as such, or under or by virtue of the terms of the contract, but as damages for its breach. Whatever may have been said by the court, that was all that was decided in that

case, and it falls far short of sustaining the contention of the plaintiff.

The only authority cited in Brimhall v. Van Campen was the prior decision of Cooper v. Reaney. Brimhall v. Van Campen was an action on a promissory note executed on Sunday in the state of New York, which would have been invalid, and, as the court says, "contra bonos mores," according to the laws of this state in force at that time. There was no proof as to the laws of New York on the subject. It is familiar doctrine that the courts of the forum will not enforce a foreign contract which is against the policy of its laws or against good morals, although it was valid in the state or country where it was executed. Whether a contract executed on Sunday in another state would fully come within that rule may be an open question. But, even if it does not, it may be that courts would refuse to indulge in any presumption whatever as to the lex loci contractus, either statute or common, for the purpose of upholding and enforcing a contract which is illegal or against good morals within the law of the forum. The case may have been decided upon some such ground, but, in so far as the opinion assumes to lay down the general rule that the statute law of the place of the contract will, in the absence of proof, be presumed to be the same as that of the forum, it is not good law, and was long since substantially overruled in Hoyt v. McNeil, supra, although not therein alluded to.

The question of whether the plaintiff can maintain this action in the capacity in which she brings it, and as to who is entitled to the damages in case of recovery, is not properly before us, as these matters depend upon the provisions of the statute of Wisconsin upon the subject; and, as the statute of that state thereon, if any, is not pleaded, we have no facts upon which to base an opinion. But, with a view to future proceedings in this action, we may add that, assuming the statute of the state of Wisconsin to be similar to our own, the plaintiff, who was appointed in the domicile of the deceased, which is the place of the principal administration, may maintain this action in the courts of this state.

In this connection it may be well to refer to the contention of the learned counsel for the respondent, that it appears from the mem-

orandum of the trial judge that the failure to plead the Wisconsin statute was not argued or presented or ruled upon by the trial court, and hence should not be considered upon this appeal. But the demurrer went to the entire complaint, upon the ground that it appeared upon the face thereof that it did not state facts sufficient to constitute a cause of action. It was a general demurrer, which raised an objection to the entire complaint, without specifying any particular cause or defect, and it was sufficient to reach this substantial omission to plead the statute of Wisconsin, if any such exists, warranting the bringing of this action.

The order overruling the demurrer was also a general one, and must be deemed to have been intended to cover all defects in the complaint, notwithstanding the statement in the memorandum of the trial court that it did not decide the question of whether plaintiff should have pleaded the statute of the state of Wisconsin. The order overruling the demurrer must be taken with all the force and effect which its language implies, uncontrolled by the memorandum of the trial court.

Our conclusion is that the order overruling the demurrer must be reversed. So ordered.