[S. F. No. 811.   Department One.—March 3, 1899.]

ANNIE R. OSBORNE, Respondent, v. HOME LIFE INSURANCE COMPANY, Appellant.

LIFE INSURANCE—NONFORFEITURE LAW OF NEW YORK—CONSTRUCTION OF CONTRACT.—The nonforfeiture law of New York requiring notice of nonpayment of a life insurance premium to be addressed and mailed to the person assured, or to the assignee of the policy, if notice of the assignment has been given, requiring payment thereof within thirty days, to prevent a forfeiture of the policy, enters into and becomes part of the contract of life insurance with a New York company, and so far modifies its conditions that no forfeiture for nonpayment of premium can take place without such notice.

ID.—NOTICE TO "PERSON ASSURED"—BENEFICIARY NOT INCLUDED.—The notice required by the statute of New York to be given by a life insurance company of that state to the "person assured,"

denotes the person whose life is assured, and does not include
the beneficiary named in the policy.

ID.—PLEADING—TENDER OF PREMIUM—FORFEITURE.—The plaintiff in an
action upon a policy of life insurance in a New York life insur-
ance company, is not required to allege or prove the tender of
the annual premiums when due. There can be no forfeiture for
nonpayment of premiums, unless the defendant alleges and
proves nonpayment after due service of the notice required by
the statute.

ID.—WAIVER OF NOTICE—POWER TO DECLARE FORFEITURE.—A waiver of
notice on the part of the insured cannot be construed to confer a
power to declare the policy forfeited for nonpayment of prem-
iums, which the law has taken away, and does not permit, un-
less the notice is given.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a new
trial. William R. Daingerfield, Judge.

The facts are stated in the opinion of the court.

Elliot McAllister, and Page, McCutchen & Eells, for Appel-
lant.

Van Ness & Redman, for Respondent.

VAN DYKE, J.—This action is upon a life insurance policy
for five thousand dollars, issued by the defendant, a New York
company, in New York, October 4, 1888, insuring the life of the
husband of the plaintiff, Elihu C. Osborne, for five thousand dol-
lars, made payable to the plaintiff. The policy called for the
payment of an annual premium of one hundred and seventy-
four dollars and seventy cents. On issuing the policy this sum
was paid, and the first and second annual payments of the same
amount were made. The complaint sets out the policy and also
incorporates the nonforfeiture law of the state of New York,
and alleges that the defendant never served upon the said Elihu
C. Osborne, the insured, the notice required by said law, and also
alleges the death of the insured January 21, 1895, and that sub-
sequent thereto the defendant company expressly disclaimed and
denied any and all liability under and by virtue of said policy,
arising from the death of said Elihu C. Osborne, on the ground
that the third annual premium called for by said policy had not
been paid. The answer does not deny that notice was not given,

in pursuance of said law, to the insured, nor does it allege that notice was given to the plaintiff, the beneficiary, or at all. Findings and judgment went for the plaintiff in the court below for the sum specified in the policy, less the unpaid premiums and interest thereon.

It is contended on the part of the appellant that the plaintiff, and not the deceased, was the person whose life was assured, and that the notice required by the New York law should have been served upon her, she being the party for whose benefit the insurance was made. The language of the law in reference to the notice is: "Shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company." The language of the policy in this case is, "does assure the life of Elihu C. Osborne," and therefore he was the "person whose life is assured." The law might have been enacted as claimed by the appellant so as to require notice to the beneficiary, but it clearly does not—but to the person whose life is assured. The law in question has been construed and applied repeatedly by the highest court in the state of New York adversely to the contention of the appellant. Appellant, however, is not satisfied with these decisions, but seems to rely upon the dissenting opinions of the supreme court in an earlier case than those hereafter referred to, claiming that such dissenting opinions are based on better reasons and sounder law. This court, however, will prefer to follow the decisions of the highest court, particularly in the construction of the statutes of its own state, and not the dissenting opinions of the lower court. In *Baxter v. Brooklyn Life Ins. Co.*, 119 N. Y. 450, the court, in construing the statute in question (Laws 1876, as amended in 1877), say: "The statute above referred to (Laws 1877, c. 321) declares that no life insurance company doing business in this state shall have power to declare forfeited or lapsed any policy thereafter issued by reason of nonpayment of premium, unless, after it becomes due, a notice stating the amount of such premium, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, at his last known postoffice address, postage paid by the company, and further stating that, unless the premium then due shall be paid to the

company or its agent within thirty days after the mailing of such notice, the policy and all payments thereon will become forfeited and void. It is also provided by the same section that, in case such payment is made within the thirty days limited therefor, it shall be deemed a full compliance with the requirements of the policy in respect to the payment of premium, and it declares that no such policy shall in any case be forfeited until the expiration of thirty days after the mailing of such notice. These provisions are to have full effect, any condition to the contrary notwithstanding. There was no proof given at the trial by either party to show whether this notice was served or not. It is obvious that this statute, when imported into the contract, modified its conditions in very material respects. The duration and validity of the policy is not then dependent upon payment of the premium on the day named therein, but upon payment within thirty days after the notice had been given."

It is objected, also, on the part of the appellant, that the complaint does not contain any allegation of a tender of the premium. Under the nonforfeiture law of New York, a failure to tender the premium without the notice specified in said law to be given by the company did not work a forfeiture. It not being necessary on the part of the plaintiff to prove a tender, it was not necessary that it should be alleged in the complaint. In *De Frece v. National Life Ins. Co.*, 136 N. Y. 144, the court say: "The plaintiff was not bound to allege or prove the payment of the annual premiums when due. The contract is to be read as if the act of 1876 had been literally incorporated into it. There could be no forfeiture for this cause unless the defendant alleged and proved nonpayment after the due service of the notice required by law."

It is also claimed on the part of appellant that there was a waiver of the notice by the plaintiff. There is nothing in the case to show a waiver. Besides, it has been held by this court in the case of *Griffith v. New York Life Ins. Co.*, 101 Cal. 627, 40 Am. St. Rep. 96, that under the law in question in the state of New York a forfeiture could only occur in the mode pointed out by such law, to wit, after notice by the company as therein provided, and nonpayment within the time specified after such notice given. In this last case a policy of insurance for ten

thousand dollars was issued upon the life of E. J. Griffith, loss, if any, payable to his wife, Mary E. Griffith. The action was brought by his widow, Mary E. Griffith, and an attempt was made in that case to show a waiver on her part of the notice of nonpayment of the premium, and in the opinion it is said: "The statute in question is regarded as indicative of the legislative will that as a matter of public policy life insurance companies should be deprived of the power to declare policies forfeited for nonpayment of premiums, except in the prescribed mode, and that, being deprived of the power so to do, a waiver on the part of the insured cannot be construed to confer such power in the face of the law which has taken it away. The reasons for such a policy are so numerous and obvious that it is not deemed necessary to occupy time and space in specifying them. The conclusion is reached that, as no notice was given by defendant, the policy was not forfeited by failure to pay the annual premium which fell due June 1, 1890."

We see no error in the case.

The judgment and order denying defendant's motion for a new trial are affirmed.

Harrison, J., and Garoutte, J., concurred.