LOUISIANA & NORTHWESTERN RAILWAY COMPANY *v.* PHELPS.

Opinion delivered November 30, 1901.

1. RAILROAD EMPLOYEE—DISCHARGE—PENALTY FOR NON-PAYMENT OF WAGES.—Sand. & H. Dig., § 6243, providing that when a railroad corporation discharges an employee without paying his wages, "then as a penalty for such non-payment the wages of such servant or employee shall continue at the same rate until paid," has no application to the case of an employee who was neither employed nor discharged in this state, and whose only claim for the penalty is that he performed a portion of the services sued for in this state. (Page 18.)

2. LAW OF ANOTHER STATE—PRESUMPTION.—Although it will be presumed that the laws of another state with reference to the collection of an employee's wages are the same as the laws of this state, there is no presumption that the laws of another state impose a penalty for failure of a railroad corporation to pay the wages of an employee at the time of his discharge. (Page 19.)

Appeal from Columbia Circuit Court.

CHARLES W. SMITH, Judge.

Reversed.

M. V. Phelps was a locomotive engineer on Louisiana & North-western Railroad Company in charge of an engine running between Gibsland, Louisiana, and McNeil, Arkansas; about half of the distance being in Arkansas and the other half in Louisiana. He was employed by the company at Shreveport, La., and he claims to have been discharged by it at Gibsland in that state. He afterwards brought suit in this state to recover the wages alleged to be due him and for the penalty imposed by the statute of this state for the failure of the company to pay such wages at the time of his discharge. He recovered a judgment both for the wages and the penalty, and the company appealed to this court.

*J. Y. Stevens, J. M. Moore* and *W. B. Smith,* for appellant.

Appellant company did not discharge appellee. The law of the place of the discharge, and not the Arkansas statute, applies in fixing appellant's liability for discharging appellee. 18 L. R. A. 433; 35 C. C. A. 287; 103 U. S. 11; 145 U. S. 593; 25 C. C. A. 247; 154 U. S. 190; 31 Minn. 11; 26 C. C. A. 415; 25 C. C. A. 250; 36 L. R. A. 134. This is true, whether the action be *ex contractu* or *ex delicto.* 31 Minn. 11.

*J. M. Kelso,* for appellee.

RIDDICK, J., (after stating the facts.) There is only one question that we need notice in this case. The plaintiff was employed by the defendant company in Louisiana, and he was discharged by the company in that state. Although he performed a portion of the services for which he sues in this state, still we think it is very clear that the right of action accruing to him by virtue of his contract and his discharge from the service of the company depend upon the laws of Louisiana, and not upon those of Arkansas. Under these circumstances, he has no right to claim a penalty under the statutes of this state providing that when a corporation engaged in operating a railroad shall discharge any employee the unpaid wages of such employee shall become due, and if the same be not paid on the day of his discharge, "then as a penalty for such non-payment the wages of such servant or employee shall continue at the same rate until paid." Sand. & H. Dig., § 6243.

That statute certainly does not protect an employee who was neither employed or discharged in this state, and whose only claim

for the penalty imposed is that he performed a portion of the services sued for in this state. If the discharge had occurred in this state, a different question would have been presented, which we need not determine.

The case was tried below in 1899, before the passage of the act requiring courts of this state to take judicial notice of the laws of other states, and there was no proof as to the law of Louisiana. So far as the action for the unpaid wages is concerned, the courts can, in the absence of proof, presume that the law of Louisiana was the same as those of this state. But this rule does not apply to penalties, and we cannot presume that the laws of Louisiana impose a penalty upon the railroad company for the failure to pay the wages of the plaintiff at the time of his discharge. *Driver* v. *Grider,* 46 Ark. 50.

The plaintiff only claimed fifty or sixty dollars due for wages, but he obtained a verdict for $290.55, of which sum the circuit court required him to remit $160.56, and gave judgment for balance. The defendant claims that it does not owe the plaintiff any sum, and, as we are not certain what amount the jury found was due plaintiff for wages, the judgment must be reversed, and a new trial granted. It is so ordered.