[Civ. No. 2384.  First Appellate District.—May 2, 1918.]

PETER McMANUS, Jr., as Administrator, etc., Appellant, v. RED SALMON CANNING CO. (a Corporation), Respondent.

Negligence—Action for Wrongful Death—Refusal to Pass on Certain Issues—Presumption as to Evidence on Other Issues.— In an action for wrongful death, where the court refused to pass on the issues of negligence and the amount of damages sustained, upon the assumption that plaintiff had no standing in court under a former decision, it cannot be presumed on appeal that there was no evidence on other issues or that the evidence produced was unfavorable to plaintiff.

Id.—Jurisdiction of Action.—An action for wrongful death is governed by the law of the jurisdiction where the tort is committed, and as it is a transitory action, it may be maintained in any jurisdiction where the defendant is found, unless the court where the suit is brought, in enforcing the remedy, would be acting in conflict with the express provisions or the general policy of the law of its own jurisdiction.

Id.—Statutory Action Under Laws of Another State—Construction.—In considering a statutory remedy, such as an action for wrongful death, created by the law of a foreign jurisdiction, the court will adopt the construction of the statute given to it by the courts of that jurisdiction; but if the statute has never been construed in the foreign state, the court will construe it as it would a like statute of its own state.

Id.—Action for Wrongful Death Under Laws of Alaska—Benefit of Estate.—Section 1185 of the laws of Alaska, codified by authority of the act of Congress of August 12, 1912, confers a right of action for wrongful death on the personal representatives of the deceased for the benefit of the estate, and any damages recovered become assets of the estate, to be administered like other assets, and the creditors and the expenses of administration to be paid therefrom if necessary, which is contrary to the policy of the laws of the state of California.

Id.—Later Enactment—Repeal of Former Law in Cases of Employer and Employee.—Section 1185 of the laws of Alaska, conferring a right of action for wrongful death on the personal representatives of the deceased for the benefit of the estate, was repealed by chapter 45 of the Sessions Laws of Alaska for 1913, as to cases between employer and employee, which provides a remedy for the wrongful death of an employee in accord with the spirit of the laws of California.

Id.—Erroneous Ruling on Jurisdiction—Amendment of Complaint.—
Where an action for damages for wrongful death brought under
the laws of Alaska was disposed of on an erroneous ruling on a
question of jurisdiction alone, the plaintiff, as a matter of sub-
stantial justice, should be permitted to amend to supply a neces-
sary allegation, if possible.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

F. R. Wall, for Appellant.

F. V. Keesling, and T. G. Crothers, for Respondent.

ZOOK, J., pro tem.—This is an appeal upon the judgment-
roll from a judgment for defendant in an action for the
wrongful death of plaintiff's intestate, John McManus. The
complaint alleges that defendant, a California corporation,
hired decedent at San Francisco, as a seaman and also to do
shore work for it on a voyage to Alaska; that on July 17, 1915,
while decedent was working in a pile-driving crew for defend-
ant near Naknek, Alaska, he was struck by a block that fell
from defendant's pile-driver and was killed; that the accident
was caused by the defendant's negligence in using a block and
strap known to it to be defective; that, under two statutes of
Alaska, which are pleaded at length, an action for wrongful
death may be brought by the personal representative of the
decedent, and that plaintiff is the administrator of decedent's
estate, duly appointed by the superior court for the city and
county of San Francisco; that decedent left no wife or child,
but both his parents are living; and that by reason of his
death "his estate" had suffered damage in the sum of $9,999.

Defendant's demurrer having been overruled, it filed its an-
swer and the cause went to trial on April 3, 1916, and on
April 8, 1916, it filed an amended answer, which, in addition
to a denial of negligence, set up a plea to the jurisdiction,
based upon the original opinion of the supreme court in the
case of North Alaska Salmon Co. v. Pillsbury, 51 Cal. Dec.
473, rendered a few days before the trial. In that opinion
the supreme court held that, under the Workmen's Compensa-
tion Act, the Industrial Accident Commission had exclusive

jurisdiction to award compensation to a person, employed here to work in California and Alaska, for injuries received in the course of his employment beyond the territorial jurisdiction of California. In the case at bar the lower court, evidently assuming that this decision disposed of the whole case, made its findings of fact bringing the case within the rule of the decision, "without passing upon any of the other issues in said cause" (so the findings read), and accordingly gave judgment for defendant on the sole ground of its want of jurisdiction to try the case.

As the original holding in *North Alaska Salmon Co.* v. *Pillsbury,* was later reversed by the supreme court on rehearing (174 Cal. 1, [L. R. A. 1917E, 642, 162 Pac. 93]), when it was finally held that the Industrial Accident Commission was without jurisdiction to award damages for injuries received beyond the territorial jurisdiction of its state, the ruling of the lower court was admittedly erroneous, but respondent's counsel contend that the judgment should nevertheless be sustained on other grounds. Their first contention is that, as the findings support the judgment and the evidence taken on the trial is not before this court, every presumption is in favor of the judgment, and that this court cannot go into the matter of errors not appearing on the record. But, in the case at bar, the court expressly refused to pass on the issues of negligence and the amount of damages sustained, upon the assumption that plaintiff had no standing in court at all under the decision referred to, and that it would be an idle act to find on any issue other than those necessary to bring the case within the scope of that decision. Therefore it cannot be presumed that there was no evidence on the other issues, or that the evidence produced was unfavorable to plaintiff. The only reasonable inference to be drawn from the findings is that there was some such evidence, which the court, for the reasons stated, declined to consider at all.

Respondent's next contention is that plaintiff's alleged right of action for the wrongful death of his intestate, as given by the statutes of Alaska, is contrary to the policy of the law of California, and will not be enforced here. The statutes pleaded by plaintiff are section 1185 of the Compiled Laws of Alaska of 1913, codified by authority of the act of Congress of August 24, 1912, chapter 387, section 19, 37 Stat. 518, and chapter 45 of the Session Laws of the Territory of Alaska for

1913, approved April 30, 1913. Section 1185 reads as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the former might have maintained an action, had he lived, against the latter for an injury done by the same act or omission. Such action shall be commenced within two years after the death, and the damages therein shall not exceed ten thousand dollars, and the amount recovered, if any, shall be exclusively for the benefit of decedent's husband, wife or children, him or her surviving; and when any sum is collected it must be distributed by the plaintiff as if it were unbequeathed assets left in his hands, after payment of all debts and expenses of administration, and when he or she leaves no husband, wife or children, him or her surviving, the amount recovered shall be administered as other personal property of the deceased person; but the plaintiff may deduct therefrom the expenses of the action, to be allowed by the proper court upon notice, to be given in such manner and to such persons as the court deems proper."

Chapter 45 of the Session Laws of 1913 is entitled "An act to fix the liability of employers for personal injuries sustained by their employees," and the parts thereof material to this discussion are as follows:

"Section 1. That every person, association, or corporation engaged in the business of manufacturing . . . building or other business or occupation carried on by means of machinery or mechanical appliances shall be liable to any of its employees, or in the event of his death, to his personal representative for the benefit of his widow and children, if any, if none then for his parents, if none then for his next of kin dependent upon him for all damages which may result from the negligence of its or his or their officers, agents or employees, or by reason of any defect or insufficiency due to its or their negligence in the machinery, appliances and work. . . .

"Section 4. That no action shall be maintained under this act unless it be shown that there exist beneficiaries as provided in section 1 hereof. . . ."

It is settled law that an action for wrongful death, like other actions on tort, is governed by the law of the jurisdiction where the tort was committed, and as it is a transitory action,

it may be maintained in any jurisdiction where the defendant is found (*Ryan* v. *North Alaska Salmon Co.*, 153 Cal. 438, [95 Pac. 862]), unless the court where the suit is brought, in enforcing the remedy, would be acting in conflict with the express provisions or the general policy of the law of its own jurisdiction. (11 Cyc. 663.) It is also a well-established rule that, in considering a statutory remedy, such as an action for wrongful death, created by the law of a foreign jurisdiction, the court will adopt the construction of the statute given to it by the courts of that jurisdiction. (*Osborne* v. *Home Life Ins. Co.*, 123 Cal. 610, 612, [56 Pac. 616].) But, if the statute has never been construed in the state of its origin, the court will construe it as it would a like statute of its own state. (36 Cyc. 1104.) Examining these Alaska statutes in the light of the rules above given, we find that section 1185 has been construed by the United States circuit court of appeal for the ninth circuit, which has appellate jurisdiction in cases arising in Alaska, in the case of *Jennings* v. *Alaska Treadwell Gold Min. Co.*, 170 Fed. 146, [95 C. C. A. 388]. It was there held that section 1185, like the Oregon statute from which it was originally taken, confers a right of action for wrongful death on the personal representative of the decedent for the benefit of the estate, and that any damages recovered become assets of the estate, to be administered like any other assets. The creditors and the expenses of administration are to be paid out therefrom, if necessary, the balance going to the heirs, if there are any; and in default of heirs, the state takes by escheat. We fully agree with counsel for respondent that this right of action, created by section 1185, is contrary to the policy of the laws of California, for our legislature in creating the action for wrongful death, which was unknown at common law, followed the provisions of Lord Campbell's Act, adopted by parliament in 1846, and our courts have adopted the construction given that act in Great Britain and in those states which have similar laws, namely: That the action for wrongful death has been created for the benefit of those relatives of the decedent who have the right to look to him for aid and support, and that the damages to be given are limited to the actual pecuniary loss suffered by those relatives by being deprived of such aid.

Therefore, if appellant's right of action rested on section 1185 alone, we would be compelled to hold that the action

could not be maintained, for it would not be in accord with the policy of our laws to make a resident of our state pay damages for the death of decedent where no one was shown to have suffered any pecuniary loss thereby.  But the second statute pleaded, chapter 45 of the Session Laws of Alaska for 1913, which is a later enactment than section 1185, presents the matter in an entirely different light.  Section 1 of that act gives the right of action against the employer for wrongful death of an employee to his personal representative "for the benefit of his widow and children, if any, if none for his parents, if none then 'for his next of kin *dependent* upon him,", and section 4 provides that the action shall not be maintained unless it be shown that there are beneficiaries such as are described in the clause just quoted.  We are satisfied that this act in effect repeals the provisions of section 1185 in so far as cases between employer and employee are concerned, and provides a remedy for the wrongful death of an employee which is in full accord with the spirit of our law.  The language quoted is almost identical with that used in section 1970 of our Civil Code, which provides that the action may be maintained "for the benefit of the widow, children, dependent parents, and dependent brothers and sisters, in order of precedence as herein stated," and the objectionable features of section 1185 are therefore eliminated from the later act. As this later statute has never been construed in any Alaska case, so far as we have been able to ascertain from an examination of all of the cases reported in the Federal Reporter since its passage, and as its provisions so closely resemble our own statutes on the subject, it is our duty to construe it as we do our own statute, as an act for the compensation of dependents.  We therefore feel that appellant should be given an opportunity to present his case on the merits on a new trial, provided that he can show that the parents of decedent on whose behalf the action was brought were in fact dependent upon him for support and suffered pecuniary loss as a result of his death.  We appreciate that there was no allegation of the parents' dependency in the complaint, but in view of the fact that the defendant's demurrer was overruled, and the case went to trial and was disposed of on an erroneous ruling on a question of jurisdiction alone, we think that as a matter of substantial justice plaintiff should be permitted to amend to supply this allegation, if he can do so.

It is ordered that the judgment be reversed, and the cause remanded for further proceedings in accordance with this opinion.

Kerrigan, J., and Beasly, J., *pro tem.*, concurred.