[Civ. No. 3098. Second Appellate District, Division Two.—March 24, 1921.]

## ROY H. KLAFFKI, Respondent, v. ANGELA C. KAUFMAN et al., Appellants.

[1] WAGE ACT—ACTION TO RECOVER PENALTY—PLACE OF PERFORMANCE OR PAYMENT—PLEADING AND PROOF.—In an action to recover the statutory penalties provided for the nonpayment of wages (Stats. 1911, p. 1268; amended Stats. 1915, p. 299), the plaintiff must allege and prove that the services were contracted for, or were performed in, or at least were payable in, this state, or, if they were not, that they were contracted for or were payable in or were performed within some state or country that has adopted a statute similar to that of this state—a statute giving a penalty to wage-earners for nonpayment of their wages when due.

[2] ID.—NATURE OF PENALTY—ACTION TO ENFORCE—LAW GOVERNING.—While the penalty for the nonpayment of wages provided by such act appertains to the remedy, it also confers a substantive right, separate and distinct from the employee's right to collect the agreed wage when due; and an action to enforce that penalty is governed by the lex loci, and not by the lex fori.

[3] ID.—PRESUMPTION AS TO LEX LOCI—WHEN INAPPLICABLE.—Where the law of the forum imposes a penalty for the nonpayment of wages when due, the presumption, until the contrary is shown, that the law of the place where the services may have been contracted for or where the claimant may have been discharged is the same as the law of the forum, cannot be indulged.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Chas. Monroe, Judge.  Reversed.

The facts are stated in the opinion of the court.

C. O. Whittemore and J. R. Whittemore for Appellants.

William J. Palmer for Respondent.

FINLAYSON, P. J.—This is an action brought by plaintiff upon his own claim and certain claims assigned to him by his fellow-laborers to recover wages due for work performed for defendants.  Judgment passed for plaintiff and defendants appeal.  The evidence is not before us, the appeal being on the judgment-roll alone.

The action was to recover not only the wages of the men, but also the penalty provided by the act entitled "An act providing for the payment of wages," approved May 1, 1911 (Stats. 1911, p. 1268), as amended by the act approved April 28, 1915 (Stats. 1915, p. 299), section 3 whereof reads: "In the event that any employer shall fail to pay, without abatement or deduction, within five days after the same shall become due under the provisions of section one of this act, any wages of any employee who is discharged or who resigns or quits, as in said section one provided, then as penalty for such nonpayment the wages of such servant or employee shall continue from the due date thereof at the same rate until paid; *provided,* that in no case shall such wages continue for more than thirty days."

In addition to the amounts found due as wages, the court found that there is due each of the several claimants a sum as the penalty provided by the act for nonpayment of wages.  The aggregate of the sums found due as wages is $372, and the aggregate found due as penalties is $532, making a total of $904, for which total amount judgment was entered against defendants.  There is no controversy as to the $372 due the several claimants as wages.  The only question raised by appellants is as to respondent's right, under the pleadings and the findings, to the $532 found to be due as penalties under the statute.

The complaint does not allege, nor does the court find, that the men were hired in California, or that they quit or

52 Cal. App.—4

were discharged therein, or that they performed their work or were to receive their wages in this state. Indeed, the pleadings and findings are wholly silent as to the place where the services were contracted for or where they were performed or were payable, or where the men quit their work. For aught that appears on the face of the judgment-roll, which is all we have before us, the contract for services may have been made and the work all performed and made payable in some foreign state or country. Appellants, therefore, make the point that so much of the judgment as is made up of the amount found due as penalties finds no support in either the complaint or the findings. [1] Their claim is that the right to the penalties is purely statutory; and that, therefore, the plaintiff must allege and prove that the services were contracted for, or were performed in, or at least were payable in, this state, or, if they were not, that they were contracted for or were payable in or were performed within some state or country that has adopted a statute similar to that of this state—a statute giving a penalty to wage-earners for nonpayment of their wages when due. The record before us constrains us to hold with appellants in this contention.

The only replies that respondent vouchsafes to appellants' contention are: 1. The penalty allowed by our statute for nonpayment of wages pertains, not to the substantive right of the wage-earner, but to the remedy afforded him in an action to recover his unpaid wages; therefore, so it is argued, the law of the forum controls, regardless of where the contract may have been made, or where the wages were earned or where made payable; 2. In any event there is a *prima facie* presumption that the law of the place where the wages were contracted for, or where they were earned or made payable, is the same as the law of this state. In our opinion, neither of these points is tenable.

[2] True it is that, though the substantive rights of parties are governed by the *lex loci*, it is the *lex fori* or law of the forum that governs as to the appropriate remedy to be afforded a suitor for the enforcement or protection of his right or for the redress or prevention of a wrong done or threatened him. It is often difficult to discern whether a particular inquiry relates to the remedy or to a substantive right. But difficult as the question may be, the wrong

inflicted or the right invaded, on which the action is based, must never be confused with the redress which the law affords. It is said in *Dorr Cattle Co.* v. *Des Moines Nat. Bank,* 127 Iowa, 153, [4 Ann. Cas. 519, 98 N. W. 918], that where the plaintiff sues for the redress of a wrong, "the act complained of is always to be diagnosed in the light of the law of the place where committed, *and its character determined according to that law;* but the particular kind of and the extent of the remedy to be applied necessarily depends on the notions of justice entertained by the forum by which it is to be administered." (Italics ours.)

In the instant case there not only is a breach of contract —a breach of defendants' agreement to pay the wages when due—but over and beyond this mere breach of contract there is something that, by the statute of this state, is made an actionable wrong—a wrong visited by the prescribed statutory penalty. That wrong is the *continuance* of the employer's breach of his contract to pay the wages when due. In actions of this character the plaintiff sues to recover, not only the wages due him under his contract with his employer, but also the penalty that the statute allows him because his employer, in addition to breaching his contract, has done him a further wrong—a wrong denounced by the statute, namely, the withholding of the wages for a greater period than five days after they become due. This wrong, in the language of the above excerpt from the opinion of the Iowa court, is "to be diagnosed in the light of the law of the place where committed, and its character determined according to that law." That is, the character of the act of withholding payment of the wages for more than five days is to be determined by the law of the place where the act is committed, or, at any rate, according to the law of the place where the contract of employment was made; and, therefore, whether the act complained of—the act of withholding the wages for more than the five days—is in and of itself, and aside from the mere breach of the employer's agreement to pay for the work, an actionable wrong, to be redressed by the recovery of a penalty, depends upon the law of the place where the work was contracted for or where it was made payable, or, possibly, upon the law of the place where the work was performed, or where the employee quit or was discharged. We are not to be considered

as determining which one of these things it is that brings a case within the provisions of our statute and impresses the act of withholding the wage with the character of an actionable wrong for which the penalty prescribed by our statute may be recovered. What we do say is, that under our statute some one at least of these things must have occurred in this state in order to stamp the character of an actionable wrong upon the mere act of continuing the non-payment of the wage for more than five days after it becomes due and payable; and this actionable wrong is the basis of a right of action that is additional to the wage-earner's right of action to recover the wages due under his contract. So that the right to the penalty is based upon an additional substantive right created by statute.

The penalty provided by the statute does, it is true, appertain to the remedy. But this is no more than to say that the statute affords the employee two remedies, each of which is for the vindication of a separate and distinct substantive right. That is, there is first the common-law remedy for breach of the employer's contract to pay the agreed wage when due, viz., the recovery of the wages due under the contract of employment; and there is also the statutory remedy for the vindication of the statutory wrong, viz., the penalty allowed the employee for withholding his wages for more than the five days. But each of these remedies appertains to its own separate and independent substantive right.

The situation is not like that where the statute empowers the court to impose treble damages when a tenant commits waste or in cases of forcible entry or unlawful detainer. In those cases the statute gives treble damages for the one wrongful act—the one and only wrongful act complained of in the complaint, namely, the tenant's waste, or his unlawful detainer, or the forcible entry, as the case may be. In that class of cases there is but one substantive right that has been invaded, and the treble damages allowed for the invasion of that right obviously pertain to the remedy only. But in cases arising under the act of 1911 there are two substantive rights. There is the employee's common-law right to the wages earned by him under his contract of employment; and there is also the employee's statutory right to the unearned wages which the statute awards him as a penalty for his employer's conduct in continuing to withhold his earned

wages after they are due. So, also, there are two separate
and independent wrongs. There is the wrongful violation
of the employee's right to receive, when due, the wages
earned by him; and there is also the statutory wrong, visited
by the imposition of a penalty, which consists in the con-
tinued withholding of the wages after the expiration of the
five days. To quote again from the Iowa case: "The nature
and extent of the wrong, everything relating to its essence,
is one thing; the consequences which naturally flow from
it quite another. The right of recovery depends on the
former; the remedy to be applied, and its extent, upon the
latter."

The case of *Louisiana & N. W. Ry. Co.* v. *Phelps,* 70 Ark.
17, [65 S. W. 709], is directly in point. There the plain-
tiff brought an action in one of the Arkansas courts to re-
cover wages due him and likewise the penalty allowed by
the Arkansas statute for nonpayment of wages. He had
been employed in Louisiana and was discharged in that
state. The supreme court of Arkansas held that plaintiff's
right of action for any penalty for withholding payment of
his wages accrued to him by virtue of his contract of em-
ployment and his discharge from defendant's service, and
that, therefore, his right thereto, if any he had, depended·
upon the laws of Louisiana, where those acts occurred, and
not upon the law of Arkansas, where the action was brought.

[3] Equally untenable is respondent's claim that, regard-
less of where the services may have been contracted for or
where the claimants may have been discharged, it will be
presumed, until the contrary is shown, that the law of that
place, wherever it may be, is the same as that of this state.
Without doubt, it is the established rule in this state that,
in the absence of proof to the contrary, the law of another
state will be presumed to be the same as our own; and this
presumption extends to statutory as well as the common
law. (*Cavallaro* v. *Texas etc. Ry. Co.,* 110 Cal. 348, 357,
[52 Am. St. Rep. 94, 42 Pac. 918].) But to this rule there
is a generally recognized exception, which is that such pre-
sumption of similarity of statutory enactment will not be
indulged where, as here, the law of the forum imposes a
penalty. (*Louisiana & N. W. Ry. Co.* v. *Phelps, supra;*
*Grider* v. *Driver,* 46 Ark. 50; *Bird* v. *Olmstead* (Tenn.),
53 S. W. 978; 2 Chamberlayne on Evidence, sec. 1213; 22

Corpus Juris, 153. See, also, *Myers* v. *Chicago etc. R. Co.,* 69 Minn. 476, [65 Am. St. Rep. 579, 72 N. W. 694].)

Since there is no attack upon those findings which show that plaintiff is entitled to a judgment for the amount of the wages actually earned by the claimants, the sum of $372, there is no necessity for a retrial of any of the issues upon which those findings are based. Indeed, there seems to be no necessity for a retrial of any of the issues upon which the case already has been tried. The court has made findings upon those issues, and there is no pretense that any finding is not sustained by the evidence. The only issue upon which there seems to be any occasion for a trial, on the going down of the *remittitur,* is the issue that may be tendered by such amendment to the complaint as plaintiff may make in order that it shall appear that the case is within the California statute or within a similar statute of some other state or country. Though the retrial should be thus limited, and though plaintiff unquestionably is entitled, under the uncontested findings, to a judgment for $372, we think it better to reverse the judgment *in toto,* since it is for one lump sum.

The judgment is reversed and the cause remanded, with directions to the lower court to permit plaintiff, if he be so advised, to amend his complaint by alleging any fact or facts showing that his right to recover penalties for nonpayment of the wages is derivable from the statute of this state or is afforded him by some similar statutory provision in the enactments of some other state or country, and the court is directed to try the issue or issues thus tendered by such amendment, if any there be.

Works, J., and Craig, J., concurred.