[Civ. No. 11830. Second Appellate District, Division Two.—August 22, 1938.]

INTERSTATE LUMBER COMPANY, Appellant, v. JAMES J. TWEEDY et al., Respondents.

Emmett E. Doherty and Robert G. Blanchard for Appellant.

Guthrie & Darling for Respondents.

WOOD, J.—Plaintiff seeks to recover from defendants upon their statutory liability as directors of a corporation under the laws of the state of Montana. The trial court sustained the demurrer of defendants without leave to amend and plaintiff has appealed from the judgment thereafter entered.

Defendants were directors of Tweedy Brothers Corporation, which was duly organized as a corporation under the laws of the state of Montana on or about June 1, 1935. The corporation became indebted to plaintiff on an open account for goods furnished between May and October of 1935 and on September 17, 1936, plaintiff obtained a judgment against the corporation for this debt.

It is provided in section 6003 of the Revised Codes of Montana that a corporation must file by March 1st of each year with a designated official of the county in which the principal place of business of the corporation is situated a report of the condition of the corporation on December 31st of the preceding year. If such report is not filed joint and several liability is imposed on the directors of the corporation "for all debts or judgments of the corporation which may thereafter be in anywise incurred until such report shall have been made and filed", unless within twenty days thereafter the directors file certain exempting affidavits. The corporation of which defendants were directors failed to file the report required by the code section by March 1, 1936, and the directors failed to file the exempting affidavits.

We are called upon to place an interpretation upon the Montana statute. In doing so we are bound by the established rule that the interpretation placed upon a statute of a sister state by the highest court of that state is binding upon the courts of California. (*Osborne* v. *Home Life Ins. Co.*, 123 Cal. 610 [56 Pac. 616]; *McGrew* v. *Mutual Life Ins.*

*Co.*, 132 Cal. 85 [64 Pac. 103, 84 Am. St. Rep. 20] ; *People* v. *Goddard*, 84 Cal. App. 382 [258 Pac. 447].)     We are satisfied that the highest court of the state of Montana has placed upon the statute in question the interpretation for which defendants now contend.

In *Continental Supply Co.* v. *Abell et al.*, 95 Mont. 148 [24 Pac. (2d) 133], section 6003 of the Revised Code of Montana was discussed at length and given an interpretation which we deem conclusive in the present litigation. It was there pointed out that the purpose to be served in the filing of a report showing the assets and liabilities of a corporation is to enable those contemplating dealing with the corporation to ascertain whether or not it is a good risk. It was further pointed out that prior to the year 1907 the statutory liability was for all "debts" then existing or thereafter incurred but that the section was then amended to provide liability for "all debts or judgments". In 1927 the statute was further amended by omitting the words "then existing or". The court further pointed out that Montana is the only state imposing liability for judgments and that, "When, therefore, the Legislature of Montana added 'judgments' to 'debts', it intended to impose a liability other than that for judgments obtained in actions for debt, and, as a judgment in a tort action would not support enforcement of directors' liability, we have a class of judgments which, by the amendment, constitutes an added liability and explains the action of the Legislature." The court held that "the plaintiff was required to show that liability, not at the time the judgment was secured, but rather at the time the debt was incurred".

Since in the present action the debts were incurred during the year 1935, at a time when the corporation and its directors were not in default under the provisions of the section we must hold, in line with the Montana decision just referred to, that the defendants are not liable and that the court's action in sustaining the demurrer was correct.

The judgment is affirmed. .

Crail, P. J., and McComb, J., concurred.