[Civ. No. 11539. Second Appellate District, Division One.—December 8, 1938.]

HOWARD O. BERGIN, Appellant, v. JAMES K. TWEEDY et al., Respondents.

Edward Fitzpatrick for Appellant.

Guthrie & Darling and Stanley W. Guthrie for Respondents.

YORK, P. J.—Appellant seeks to recover from respondents upon their statutory liability as directors of Tweedy Brothers Corporation under the laws of the state of Montana. The instant action sets up five judgments obtained against the said corporation in the state of Montana during the month of September, 1936, for wage claims, attorney's fees and

statutory penalties. The trial court sustained the demurrer of respondents with leave to appellant to amend his complaint, but the latter having failed to so amend, judgment of dismissal was entered, from which this appeal is prosecuted.

It is provided by section 6003 of the Revised Codes of Montana that a corporation must file by March 1st of each year with a designated officer of the county in which the principal place of business of the corporation is situated a report of the condition of the corporation on December 31st of the preceding year. If such report is not filed joint and several liability is imposed on the directors of the corporation for "all debts or judgments of the corporation which may thereafter be in any wise incurred until such report shall be made and filed", unless within twenty days thereafter the directors file certain exempting affidavits. The corporation of which defendants were directors failed to file the report required by the code section by March 1, 1936, and the directors failed to file the exempting affidavits.

The question for determination is whether respondents' liability under the quoted section is based on the original debt for wage claims or on the judgment to which the debt was subsequently reduced.

This question, which involves the interpretation of the Montana statute, has recently been before Division Two of this court in the cases of *Interstate Lumber Co.* v. *Tweedy,* 28 Cal. App. (2d) 208 [82 Pac. (2d) 208], and *Emery Consolidated Min. Co.* v. *Tweedy,* 28 Cal. App. (2d) 767 [82 Pac. (2d) 209], wherein it was held in opinions written by Mr. Justice Wood that the court's action in sustaining similar demurrers was correct, citing as authority therefor the case of *Continental Supply Co.* v. *Abell et al.,* 95 Mont. 148 [24 Pac. (2d) 133, 136], which held that the plaintiff was required to show such liability "not at the time the judgment was secured, but rather at the time the debt was incurred".

Since the wage claims involved in the present action were incurred prior to the year 1936 and at a time when it is not contended that the corporation and its directors were in default under the provisions of the said section 6003, Revised Codes, *supra,* the court's action in sustaining the demurrer herein was proper.

The judgment appealed from is affirmed.

Doran, J., and White, J., concurred.