163 Cal.App.2d 518 (1958)
RUDOLPH S. VICTOR, Appellant,
v.
JOHN C. SPERRY et al., Respondents.
Civ. No. 5859. 
California Court of Appeals. Fourth Dist. 
Sept. 12, 1958.
 Martin & Martin for Appellant.
 Gray, Cary, Ames & Frye for Respondents.
 MUSSELL, J.
 This is an action for personal injuries sustained by plaintiff in an automobile accident which occurred on the San Quintin highway, approximately 44 kilometers south of Tiajuana, Baja California, Republic of Mexico.
 At the time of the collision on July 3, 1955, defendant John C. Sperry, with the permission and consent of defendant John M. Sperry, was driving a Mercury automobile northerly on said highway when the Mercury collided with a Chevrolet automobile being driven in a southerly direction on said highway by defendant Edward Thornton. Plaintiff Rudolph Victor was an occupant of the Thornton vehicle and was severely injured in the collision. Plaintiff and the drivers of both cars were and now are residents and citizens of the State of California. The accident was the result of the negligence (and of the equivalent of negligence under Mexican law) of the drivers of both cars involved in the accident.
 Article 1910 of the Civil Code of 1928 for the Federal District and Territories of Mexico, as amended, which had been adopted by the State of Baja California del Norte and which was in effect at the time of the accident, provided as follows: "A person who, acting illicitly or contrary to good customs, causes damages to another, is obligated to repair it, unless it is shown that the damage was produced as a consequence *520 of the guilt or inexcusable negligence of the victim." Neither said code nor the general law of said state or of said republic distinguished between guests and passengers in motor vehicles nor did they impose any restrictions upon the right of a guest to recover damages from the negligent operator of a motor vehicle in which he was riding.
 Prior to the accident plaintiff had been employed as a house mover and his weekly wage was $99. He had not returned to work at the time of the trial and will not be able to engage in the same occupation or any occupation requiring a substantial amount of physical activity.
 The trial court found (and it is not disputed) that as a result of the accident plaintiff's spinal cord was damaged. He suffered a paralysis of the left upper and lower extremities and the disability in his left upper extremity is permanent and total. The disability in his lower extremity is permanent and partial. He is and will continue to be unable to walk without a limp or for protracted periods. The court further found that plaintiff suffered the following actual damages as a result of the accident:
 Tabular Material Omitted
 At the time of the accident the Mexican law in effect imposed restrictions on the recovery of damages for personal injuries regardless of their nature or extent. Under the Mexican law in effect at the time a victim of the negligent conduct of another could recover his medical and hospital expenses. For a temporary total disability he could recover only 75 per cent of his lost wages for a period not to exceed one year. Wages in excess of 25 pesos, or $2.00 per day, could not be taken into account in computing the amount allowed. If he suffered a permanent and total disability, he could recover lost earnings for only 918 days and, even though he earned more than 25 pesos per day, only that amount could be taken into account in computing the amount of the recovery. Where the disability was permanent but not total, the recovery was scaled down. For a permanent disability of an upper extremity the victim could recover only from 50 to 70 per cent of $2.00 per day for 918 days, the exact percentage depending upon age, the importance of the disability, and the extent *521 to which the disability prevented the victim from engaging in his occupation. If the injured extremity was the "least useful," the indemnity was reduced by 15 per cent. In addition, "moral damages" up to a maximum of one-third of the other recoverable damages might, in the discretion of the court, be awarded. "Moral damages" are defined as "damages suffered by a person in his honor, reputation, personal tranquility or spiritual integrity of his life, and as damages which are not of a physical nature and not capable of exact monetary evaluation." The trial court concluded that enforcement of these restrictions on the recovery of damages is not contrary to the public policy of this state or to abstract justice or injurious to the welfare of the people of this state and that plaintiff was not entitled to recover his actual damages in the amount of $40,462.05. Judgment was thereupon rendered against defendants John C. Sperry and Edward Thornton in the amount of $6,135.96. The recovery was computed as follows:
 Tabular Material Omitted
 Under article 1913 of the Civil Code of 1928 for the Mexican Federal District and Territories, if a person has the use of mechanisms or instruments which are dangerous per se, by the speed they develop, or otherwise, he is obligated to answer for the damages he causes, even though he does not act illicitly, unless the damage is caused by the guilt or inexcusable negligence of the victim. The Mexican courts hold that an automobile is a dangerous mechanism or instrument within the meaning of this section and that a person injured by a motor vehicle is entitled to recover damages without regard to fault or negligence from both the owner and driver of the automobile. However, if liability exists only under article 1913 "moral damages" are not recoverable. Since liability under article 1910 was found to exist on the part of the drivers of both automobiles, it became immaterial whether liability under article 1913 was found to exist as to them. Plaintiff, however, sought a judgment against John M. Sperry, owner *522 of the Chevrolet automobile, for $4,601.97, under article 1913. The trial court concluded that this article is contrary to the public policy of this state, is in substantial conflict with the law of this state, and should not be enforced. Judgment was entered in favor of defendant John M. Sperry.
 Rudolph Victor appeals from the judgment (a) Insofar as it fails to award damages in excess of $6,135.96 as against defendants John C. Sperry and Edward Thornton; and (b) Insofar as it fails to award any damages against defendant John M. Sperry. The appeal is taken on the judgment roll and appellant does not dispute the correctness of the court's factual findings. He is in disagreement only with its conclusions as to the enforceability of the Mexican law. The court's knowledge of the Mexican law was acquired under section 1875, subdivision 4, of the Code of Civil Procedure, as amended, effective September 11, 1957. Letters from Dr. William B. Stern, Los Angeles County Foreign Law Librarian, and a Mexican law firm, were received in evidence and were made a part of the clerk's transcript on appeal.
 The questions to be determined on this appeal are (1) Whether the limitations imposed by the Mexican law on the recovery of damages by plaintiff are enforceable by the courts of California; and (2) Whether the limited liability without fault created by article 1913 of the Civil Code of 1928 for the Mexican Federal District and Territories, as amended, is contrary to the public policy of this state or to abstract justice or injurious to the welfare of the people of this state.
 [1] In 11 American Jurisprudence, Conflict of Laws, section 185, page 497, it is said that generally the character and measure of damages recoverable in an action for tort are governed by the law of the state in which the cause of action arises, and not by the law of the forum. And in 25 Corpus Juris Secundum, Damages, section 4, page 462, it is said that the measure and elements of damage are, according to the general rule, regarded as controlled, in actions of tort, by the law of the place in which the act occasioning the injury is committed, while in actions of contract, the law of the place of the contract is to be resorted to, since such matters pertain to the substance of the right and not to the remedy. In Restatement, Conflict of Laws, section 412, pages 493 and 494, it is stated that the right to damages in compensation or punishment for tort is to be distinguished from the right of access to the courts and from the procedure to obtain the damages; that the creation of the right to have damages necessarily involves *523 the measurement of that right insofar as the law can measure it; that while the actual finding of the amount of damages is a function of the jury or other fact finding body at the forum, the law that creates the right determines what items of loss are to be included in the damages; and that since the right is created by the law of the place of wrong, it is measured by that law. In 11 California Jurisprudence 2d, Conflict of Laws, section 99, page 205, it is said that the California cases are in substantial accord with the general rules declared by the Restatement that the measure of damages for a tort is determined by the place of the wrong, and for a breach of contract, by the law of the place of performance. In 13 California Law Review 318 it is said that a rule permitting the law of the forum to govern the measure of damages would afford the plaintiff an opportunity to increase substantive rights by choosing the jurisdiction allowing a maximum recovery.
 [2] In Loranger v. Nadeau, 215 Cal. 362, 366 [10 P.2d 63, 84 A.L.R. 1264], it was held that: "It is the settled law in the United States that an action in tort is governed by the law of the jurisdiction where the tort was committed, and as it is a transitory action, it may be maintained in any jurisdiction where the defendant may be found. [3] It is the general rule in tort actions that the court will, if it has jurisdiction of the necessary parties, and can do substantial justice between them in accordance with its own forms of procedure, enforce the foreign law, if it is not contrary to the public policy of the forum, to abstract justice or pure morals, or injurious to the welfare of the people of the state of the forum."
 In Grant v. McAuliffe, 41 Cal.2d 859, 862 [264 P.2d 944, 42 A.L.R.2d 1162], the court said: "In actions on torts occurring abroad, the courts of this state determine the substantive matters inherent in the cause of action by adopting as their own the law of the place where the tortious acts occurred, unless it is contrary to the public policy of this state. [Citation.] '[N]o court can enforce any law but that of its own sovereign, and, when a suitor comes to a jurisdiction foreign to the place of the tort, he can only invoke an obligation recognized by that sovereign. A foreign sovereign under civilized law imposes an obligation of its own as nearly homologous as possible to that arising in the place where the tort occurs.' "
 In Zinn v. Ex-Cell-O Corp., 148 Cal.App.2d 56, 78 [306 P.2d 1017], the court held that on the question of damages *524 generally in a tort action California has followed the Restatement, Conflict of Laws, section 412: "The measure of damages for a tort is determined by the law of the place of wrong." Citing Klaffki v. Kaufman, 52 Cal.App. 48 [198 P. 36].
 In Slater v. Mexican National R. Co., 194 U.S. 120 [24 S.Ct. 581, 583, 48 L.Ed. 900], Mr. Justice Holmes, in delivering the opinion of the court, said:
 "It seems to us unjust to allow a plaintiff to come here absolutely depending on the foreign law for the foundation of his case, and yet to deny the defendant the benefit of whatever limitations on his liability that law would impose. In Northern P. R. Co. v. Babcock, 154 U.S. 190, 199 [38 L.Ed. 958, 691, 14 Sup.Ct.Rep. 978], an action was brought in the district of Minnesota for a death caused in Montana, and it was held that the damages were to be assessed in accordance with the Montana statute. Therefore we may lay on one side as quite inadmissible the notion that the law of the place of the act may be resorted to so far as to show that the act was a tort, and then may be abandoned, leaving the consequences to be determined according to the accident of the place where the defendant may happen to be caught."
 [4] In the instant case, since the accident occurred in Mexico, plaintiff's cause of action arose there and the character and measure of his damages are governed by the laws of Mexico. The measure of damages is inseparably connected to the cause of action and cannot be severed therefrom. The limitation upon the amount of damages imposed by the laws of Mexico is not contrary to the public policy of the State of California or injurious to the welfare of the people thereof.
 [5a] The trial court herein held that the application of article 1913 of the Civil Code of 1928 for the Federal District and Territories of Mexico, which provides for liability without fault, was in opposition to the public policy of the State of California and refused to enforce that article against John M. Sperry, owner of one of the automobiles involved in the collision. We find no reversible error in this refusal.
 [6] In Hudson v. Von Hamm, 85 Cal.App. 323, 329, 331 [259 P. 374], plaintiff, a resident of California, was employed as a governess by the defendant, who was a resident of the Territory of Hawaii. Plaintiff was taken to Hawaii, where she was injured by one of defendant's children. The action was filed in California under the Hawaiian statute which permitted recovery against a parent for a tort committed by *525 his child. There is no such right of action in California. The court there said:
 "It is the rule in a majority of the states that when the cause of action depends upon a foreign statute, as it does in the instant case, there must be a statute in the forum similar to the one relied upon, in order to confer jurisdiction upon the courts of the forum. (5 R.C.L. 1040, 131.) In 12 C.J. 438, section 14, the author says: 'The doctrine of comity must yield to the positive law of the land. Hence the foreign law must give way when in conflict with the statutes of the forum, or the settled current of its judicial decisions.' " ...
 "While there may appear to be some confusion of authorities due to a natural difficulty in construing laws or statutes, and in applying the doctrine of the law of comity, the decisions of the courts of America seem to be in harmony to the effect that when the positive law of the forum, represented by its constitution, statutes, or current decisions is in substantial conflict with the law of the foreign state, country, or territory, upon the subject matter in controversy, the courts of the forum will decline to accept jurisdiction without violation of the doctrine of the comity of nations."
 In McManus v. Red Salmon Canning Co., 37 Cal.App. 133, 136-137 [173 P. 1112], a California corporation hired one John McManus as a seaman and also to do shore work for it on a voyage to Alaska. McManus was killed in Alaska due to negligence of the corporation and an action was brought in California by the administrator of his estate pursuant to Alaska law which allowed the administrator to recover for the estate for a wrongful death. The court held that the Alaska law was contrary to the policy of the laws of the State of California and that: "It is settled law that an action for wrongful death, like other actions on tort, is governed by the law of the jurisdiction where the tort was committed, and as it is a transitory action, it may be maintained in any jurisdiction where the defendant is found. (Ryan v. North Alaska Salmon Co., 153 Cal. 438 [95 P. 862]), unless the court where the suit is brought, in enforcing the remedy, would be acting in conflict with the express provisions or the general policy of the law of its own jurisdiction."
 In Thome v. Macken, 58 Cal.App.2d 76 [136 P.2d 116], plaintiff brought suit in California for an alienation of affection which occurred in Oregon, where such an action is allowed. A demurrer was sustained without leave to amend and this ruling was affirmed on appeal. The court held that *526 the Oregon law was contrary to the public policy of California as established by section 43.5 of the Civil Code, which provides that alienation of affection is not actionable in this state.
 [5b] Since no right of action exists in California for damages for liability without fault under the circumstances set forth herein and in article 1913 of the Civil Code of 1928 for the Mexican Federal District and Territories, the trial court herein properly concluded that this article should not be enforced as against John M. Sperry as owner of one of the automobiles involved.
 Judgment affirmed.
 Griffin, P. J., and Coughlin, J. pro tem., [fn. *] concurred.
NOTES
[fn. *] *. Assigned by Chairman of Judicial Council.